SOUTHWESTERN SURETY INS. CO. v. ANDERSON et al.

(Court of Civil Appeals of Texas. Texarkana. Dec. 26, 1912. On Motion for Rehearing, Jan. 2, 1913.)

1. EVIDENCE (§ 341*) — DOCUMENTARY EVIDENCE.

An undertaking by defendant was attached to the bond of a foreign insurance company filed with the commissioner of insurance and banking, which undertaking reïnsured the surety on such bond, and provided that it was agreed by defendant that the reinsurance should inure to the benefit of the commissioner of insurance and banking, "and to any and every party who may be a beneficiary under said bond," and that an original action against defendant might be maintained "upon said bond and this contract just as if [defendant] had signed said original bond." *Held* that defendant by such undertaking made itself a party to the original bond filed with the commissioner of insurance and banking as if it had originally signed the bond, so that an authenticated copy of such bond was admissible in evidence in an action against defendant by a policy holder in the insurance company, under Sayles' Ann. Civ. St. 1897, art. 3057, making every instrument executed by the commissioner of insurance and authenticated by him, and authenticated copies thereof, admissible as evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1289–1292; Dec. Dig. § 341.*]

2. INSURANCE (§ 26*) — FOREIGN CORPORATIONS — LOCAL SECURITY — CONDITIONS OF BOND.

Under a bond executed on behalf of a foreign insurance company, conditioned to pay all of such company's "lawful obligations to any and all citizens of the state of Texas," and subject to "successive suits by citizens of the state of Texas so long as any part of the same shall not be exhausted," a policy holder was not bound to present his claim to the receiver of the insurance company on its failure to pay according to the terms of the policy, before suing on the bond.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 33; Dec. Dig. § 26.*]

On Motion for Rehearing.

3. TRIAL (§ 178*)—DISMISSAL.

A peremptory instruction to find in favor of a defendant and against plaintiff would not operate the same as a discontinuance or dismissal as to such defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 401–403; Dec. Dig. § 178.*]

4. APPEAL AND ERROR (§ 832*)—REHEARING—GROUNDS—INSTRUCTIONS.

Where a foreign insurance company, sued with its surety, had been dissolved and its affairs placed in a receiver's hands, so that it could not be sued, ruling by the reviewing court that a peremptory instruction to find for the insurance company and against plaintiff operated the same as a discontinuance or dismissal as to the company was not so prejudicial to the surety, it being the only one liable, as to require a rehearing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3215–3228; Dec. Dig. § 832.*]

5. EVIDENCE (§ 80*)—PRESUMPTIONS.

The effect of a judgment under the laws of another state is presumed to be the same as under the laws of Texas.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 101; Dec. Dig. § 80;* Common Law, Cent. Dig. §§ 14–16.]

6. CORPORATIONS (§ 630*)—DISSOLUTION—EFFECT.

A corporation could not be sued after it had been dissolved and placed in the hands of a receiver.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2482–2486; Dec. Dig. § 630.*]

Appeal from District Court, Tarrant County; W. T. Simmons, Judge.

Action by A. J. Anderson against the Southwestern Surety Insurance Company and others. From a judgment for plaintiff, the defendant named appeals. Affirmed.

Appellee, Anderson, who resided in Tarrant county, owned a dwelling house in Ft. Worth, and on August 19, 1910, procured the issuance by the Farmers' & Merchants' Insurance Company, a Nebraska corporation, of a policy insuring same in the sum of $1,200 against loss by fire during a period of three years from August 26, 1910. The house was destroyed by fire November 18, 1910. On the trial appellee, Anderson, who was the plaintiff below, his suit being against appellant and said insurance company, proved his contract with the latter and the destruction of his house as alleged in his petition, also proved that said insurance company was in the hands of a receiver appointed by a court in Nebraska, and offered, and the court, over appellant's objection, admitted as evidence, an instrument authenticated by a certificate of the Secretary of State, in part as follows: "I, B. L. Gill, commissioner of insurance and banking of the state of Texas, do hereby certify that the instrument which is hereunto attached is a true, full, and correct copy of a bond made by the Merchants' & Farmers' Insurance Company of Lincoln, Nebraska, approved and filed in this office April 13, 1910, now on file and forming a

part of the records of this department." The certificate was attached to a bond dated February 17, 1910, made by said insurance company, with the Republic Guaranty & Surety Company, a Texas corporation, as its surety, conditioned and otherwise, it seems, in compliance with the requirements of the act approved April 13, 1910, entitled "An act to require fire insurance companies not organized under the laws of this state, before they shall receive a certificate of authority to transact business in this state, and before they shall issue or authorize the issuance of any policies of insurance to citizens of this state, to file with the commissioner of insurance and banking a bond or to deposit securities to secure the payment of all lawful obligations under such policies to citizens of this state," etc. General Laws, p. 182. Following the signatures to the bond was an indorsement, as follows: "The above and foregoing bond examined and approved by me on this 13th day of April, 1910. Wm. E. Hawkins, Commissioner of Insurance and Banking." Attached to the bond was an undertaking by appellant, an Oklahoma corporation, as follows: "Know all men by these presents, that whereas, on the 17th day of February, 1910, the Farmers' & Merchants' Insurance Company, a corporation, of Lincoln, Nebraska, did make, execute and deliver unto William E. Hawkins, commissioner of insurance and banking of the state of Texas, and to his successors in office, their certain bond wherein they undertook certain obligations unto the said William E. Hawkins, commissioner of insurance and banking, and unto all citizens of the state of Texas, said bond being in the sum of ten thousand, four hundred, thirty-eight dollars, and executed by said Farmers' & Merchants' Insurance Company as principal, and the Republic Guaranty & Surety Company as surety; and whereas, the undersigned, the Southwestern Surety Insurance Company, of Durant, Oklahoma, has reinsured said Republic Guaranty & Surety Company against all liability as surety on said bond: Now, therefore, know all men by these presents that the undersigned, the Southwestern Surety Company, of Durant, Oklahoma, does hereby reinsure the said Republic Guaranty & Surety Company against all liability on said bond, which said original bond is hereunto attached and made a part hereof. And it is further agreed that this contract of reinsurance shall run to and inure to the benefit of said William E. Hawkins, commissioner of insurance and banking, and to any and every party who may be a beneficiary under said bond, and that an original action or actions against the undersigned, Southwestern Surety Insurance Company, may be maintained upon said bond and this contract just as if the said Southwestern Surety Insurance Company had signed said original bond. Witness the corporate seal and name of said

152 S.W.—52

Southwestern Surety Insurance Company by its proper officers this the 31st day of March, 1910. Southwestern Surety Insurance Company, by W. S. Hibbard, Vice President. Attest: S. P. Ancker, Secretary." In his petition, after alleging facts which entitled him, if proven, to a recovery on the policy, as against the Farmers' & Merchants' Insurance Company, Anderson alleged as facts entitling him to a recovery against appellant the following: "That the said defendant Southwestern Surety Insurance Company is the surety on the bond of the Farmers' & Merchants' Insurance Company, which said bond is duly filed and approved by the commissioner of insurance and banking of the state of Texas, which said bond is in the sum of $10,438, the same being given, authorized, executed, approved, and filed in accordance with the acts of the Thirty-First Legislature, page 182, and sections 1, 2, and 3 of said act, and the conditions of said bond being such that, in the event the said Farmers' & Merchants' Insurance Company became insolvent or ceased to transact business in the state of Texas at any time when it has outstanding, unpaid, and unsatisfied debts, claims, and choses in action in favor of citizens of the state of Texas, the said defendant Southwestern Surety Insurance Company is bound, obligated, and promises to save and indemnify and agrees to become liable and bound to pay any sums of money that may be due, outstanding, owing, and unsatisfied, under and by virtue of the laws of the state of Texas, as aforesaid; a certified copy of said obligation of the said defendant Southwestern Surety Insurance Company being hereto attached, marked 'Exhibit B,' and made a part of this petition." The allegations quoted from the petition are followed by others to the effect that the Farmers' & Merchants' Insurance Company was insolvent, had ceased to transact fire insurance business in Texas, and was in the hands of a receiver in the state of Nebraska. Appellant's exception to the petition on the ground that it appeared therefrom that the Farmers' & Merchants' Insurance Company was primarily and appellant only secondarily liable to Anderson, and further appeared that said insurance company was insolvent and in the hands of a receiver in Nebraska, and did not appear that Anderson had presented his claim to said receiver, and did not appear that the latter did not have in his hands assets of said insurance company with which to pay it, was overruled. In its answer appellant denied generally the allegations in the petition, and, among other matters not necessary to mention, set up that its undertaking was to indemnify the Republic Guaranty & Surety Company only; that it was liable to Anderson only in the event said surety company was liable to him, and then only for such proportionate part of his claim as should remain unpaid after he had ex-

hausted his remedies against said insurance company, its receiver, and against said surety company; that the claims of Texas citizens against said insurance company aggregated approximately $30,000, and its (appellant's) liability on its undertaking in any event was not for more than $10,438; and that Anderson, if entitled to recover against it, was entitled to only a pro rata part, measured by the total of said claims, of said $10,438. Appellant by a cross-action sought a recovery over against the Farmers' & Merchants' Insurance Company and its receiver, in the event Anderson should recover against it, and also certain relief as against the Republic Guaranty & Surety Company, one George W. Montgomery, and one M. L. C. Funkhauser. As it afterwards dismissed its suit against said surety company and against Montgomery and Funkhauser, it is not necessary to specify the grounds upon which it sought relief against them. At the request of appellee, Anderson, the court instructed the jury as follows: "You are instructed to return a verdict in this case for the plaintiff, A. J. Anderson, against the defendant Southwestern Surety Insurance Company for the sum of $1,200, with interest thereon from January 1, 1911, at the rate of 6 per cent. per annum, and will find for defendant Southwestern Surety Insurance Company over against the defendant Chas. T. Knapp, receiver for Farmers' & Merchants' Insurance Company, for the sum of $1,200, with 6 per cent. interest from January 1, 1911, and you will find for the defendant Farmers' & Merchants' Insurance Company." The appeal is by the Southwestern Surety Insurance Company alone from a judgment rendered in accordance with such a verdict.

Capps, Cantey, Hanger & Short and David B. Trammell, all of Ft. Worth, for appellant. C. T. Rowland and Theodore Mack, both of Ft. Worth, for appellee.

WILLSON, C. J. (after stating the facts as above). It appeared that the obligation of appellant set out in the statement was attached to that of the Farmers' & Merchants' Insurance Company and Republic Guaranty & Surety Company, and that the instrument evidencing those obligations had been filed in the office of the commissioner of insurance and banking. When Anderson, to show appellant's liability to him as alleged in his petition, offered as evidence a copy of the instrument, authenticated as indicated in the statement, appellant objected thereto, on the ground (1) that it appeared that the certificate of the commissioner authenticating the copy applied only so far as the instrument was the bond of the Farmers' & Merchants' Insurance Company, and further appeared that its undertaking was not a part of that bond; and (2) that if the certificate of the commissioner applied to its undertaking, and same showed an obligation on its part, it existed by force of the common law and not by force of any statute; that as a common-law obligation on its part it was not entitled to be deposited in the office of said commissioner; and therefore that the commissioner could not by his certificate so authenticate a copy of it as to entitle it to be admitted as evidence in the case.

[1] It may be conceded that appellant's undertaking was to indemnify the Republic Guaranty & Surety Company against its liability as a surety on the bond of the Farmers' & Merchants' Insurance Company, but it plainly also was to indemnify any and every person who was a beneficiary under that bond; and it appeared that appellant had expressly agreed that an action on that bond as its undertaking might be maintained against it by any such beneficiary, "just as if it had signed said bond." So, it seems, if it was possible for appellant to do so without formally signing the bond, it had made itself a party to it before it was approved and filed by the commissioner of insurance and banking. We know no reason why it could not become a party to the bond in the way it chose. As, if it could, it did, we think the instrument, as its obligation within the terms of the statute, was an archive in the office of said commissioner, and that the copy thereof authenticated by his certificate was entitled to be admitted as evidence against appellant. Sayles' Stat. art. 3057.

Appellant's liability being that of a surety only on the bond of the Farmers' & Merchants' Insurance Company, it is insisted that judgment in Anderson's favor lawfully could not be rendered against it, unless also rendered against said insurance company. The statute declares that no final judgment shall be rendered against a party not primarily liable on a contract, "unless judgment shall have been previously, or shall be at the same time, rendered against" the principal obligor, "except where the plaintiff may discontinue his suit against such principal obligor as hereinafter provided." It further declares: "The court may permit the plaintiff to discontinue his suit as to one or more of several defendants * * * when such discontinuance would not operate to the prejudice of the other defendant; but no such discontinuance shall in any case be allowed as to a principal obligor, except in the cases provided for in article 1257." Sayles' Stat. arts. 1203, 1259. The article (1257) referred to, so far as it is applicable here, is as follows: "When a suit is discontinued as to a principal obligor no judgment can be rendered therein against * * * a surety, * * * unless it is alleged and proven that such principal obligor resides beyond the limits of the state * * * or that he is dead, or actually or notoriously insolvent." In his petition Anderson alleged, and on the trial

proved, that the Farmers' & Merchants' Insurance Company was a foreign corporation; that it was insolvent; and that a Nebraska court, through a receiver, was administering its affairs. It would seem, therefore, if it appeared that appellant was liable to appellee on the bond, that Anderson had alleged and proven the existence of facts which entitled him to discontinue his suit against the insurance company, and, without taking judgment against it, to take judgment against appellant as its surety. That Anderson was entitled to judgment against the insurance company on the policy and its bond was conclusively shown; and, treating appellant as a surety on the bond, as we think it must be treated, it conclusively appeared that Anderson was entitled to judgment against it also. Being entitled to judgment against both the principal and the surety and to discontinue his suit as to the former, and thereupon to judgment against the latter alone, it is obvious, in view of the further fact that judgment in its favor for the amount of the recovery had by Anderson against it was rendered over against the receiver of the insurance company, that appellant suffered no injury if, and because, the requirement of the statute that judgment should be rendered against the insurance company, or the suit against it be discontinued, before judgment should be rendered against appellant, was not complied with. But whether appellant nevertheless should be heard to insist that the judgment should be reversed, we do not think it necessary to determine; for we are of the opinion that Anderson's request that the jury be instructed to find for the insurance company and the judgment in its favor in accordance with such a finding should be held to have accomplished the purpose of the statute. While not in terms a discontinuance of the suit as to the insurance company, the legal effect thereof, we think, was the same, so far as appellant was concerned.

[2] The condition of the bond was that the insurance company would pay "all its lawful obligations to any and all citizens of the state of Texas." By the terms thereof the bond was "subject to successive suits by citizens of the state of Texas so long as any part of the same shall not be exhausted." A breach of the condition of the bond entitling Anderson to sue thereon having been shown, we think it was not necessary to the exercise of the right, as against appellant, that he should first present his claim to the receiver in Nebraska for allowance and payment. Appellant's undertaking was to pay if the insurance company did not. On the failure of the insurance company to pay in accordance with its contract, appellant became liable to Anderson. In the judgment rendered it obtained all the relief it sought and was entitled to against such liability, to wit, judgment over against the receiver of the insurance company.

The judgment is affirmed.

### On Motion for a Rehearing.

[3, 4, 6] Among other contentions urged in the motion is one that this court "erred in holding that the legal effect of the peremptory instruction to the jury to find in favor of the Farmers' & Merchants' Insurance Company and against plaintiff was the same as a discontinuance or dismissal as to said company, and that appellant was not prejudiced thereby." As an abstract proposition, it would not be correct to say that the legal effect of such an instruction is the same as a dismissal or discontinuance of the plaintiff's suit, but on the facts of this case as shown by the record we do not think to so hold would prejudice rights of the appellant. It appeared that the state of Nebraska had brought suit to dissolve the Farmers' & Merchants' Insurance Company, and for a receiver to wind up its affairs, on the ground that it was insolvent. It further appeared, from the judgment rendered in that suit, that a Nebraska court had determined that said Farmers' & Merchants' Insurance Company was insolvent, and had appointed a receiver to take charge of and wind up its affairs.

[5] The effect of the judgment under the laws of that state not having been shown, it should be presumed to be the same as it would be under the laws of this state, to wit, to dissolve the corporation. Article 1205, R. S. 1911. After it had been dissolved and its affairs placed in the hands of a receiver, the corporation could not be sued. It had ceased to exist. Thompson on Corporations, § 6718 et seq. It is apparent, therefore, that no right of appellant was prejudiced by the action of the court complained of. The motion is overruled.