SOUTHWESTERN SURETY INSURANCE COMPANY v. A. J. ANDERSON.

No. 8071. Decided April 23, 1913.

1.—Evidence—Document in Public Office—Certified Copy.

Only such documents as are required or permitted by law to be filed in a public office, so as to constitute them archives or records, can be proved by copies certified under the authority of such office. (P. 49.)

2.—Same—Insurance Company—Bond of Surety.

An insurance company, for the purpose of engaging in business as a foreign corporation, filed its bond with the Commissioner of Insurance and Bank-

ing in accordance with the Act of March 20, 1909 (Laws, 31st Leg., p. 182; Rev. Stats., 1911, arts. 4870, 4871). The surety thereon reinsured its liability by depositing with the Commissioner the bond of another surety company to it, the original surety company, and to all the beneficiaries under the original bond, to answer its obligations. Held that such reinsurance bond, though good as a common law obligation binding its maker to answer for recovery on a policy issued by the insurance company to a plaintiff insured by it, was not such an instrument as the statute required or permitted to be filed with the Commissioner, and could not be proved in such action by a copy thereof certified by the Commissioner. (Pp. 47-49.)

Error to the Court of Civil Appeals, Sixth District, in an appeal from Tarrant County.

Anderson sued the Southwestern Surety Insurance Company and others and had judgment, which was affirmed on appeal. The company then obtained writ of error.

*Capps, Cantey, Hanger & Short* and *David B. Trammell,* for plaintiff in error.—The purported certified copy was not entitled to admission in evidence as a certified copy of a paper on file in the office of said Commissioner under the provisions of amended article 3057 of the Revised Statutes of 1895, nor of any other statute or rule of evidence, and should have been excluded upon this defendant's objection. Art. 3057, Sayles' Civ. Stats.; Stokes v. Riley, 98 Texas, 564; Flynt v. Taylor, 91 S. W., 864.

*C. T. Rowland* and *Theodore Mack,* for defendant in error.—The entire paper writing described in the bill, which was attached to petition, etc., was an archive in the office of the Commissioner of Insurance, etc., and such as he was authorized to certify to under the provisions of Rev. Stats., arts. 3057 and 2308. It was a condition precedent under the Act of 1909, page 182, for the insurance company, a Nebraska corporation, to give bond with good and sufficient sureties to be approved by the Commissioner, conditioned that it would pay its lawful obligations to citizens of Texas. Hence the paper introduced in evidence was such as was required to be filed in the office of the Commissioner and the original was an archive. Talley v. Lamar County, 104 Texas, 295; Hooks v. Colley, 22 Texas Civ. App., 1; Hill v. Smith, 6 Texas Civ. App., 312; Smithers v. Lowrance, 100 Texas, 77; Patterson v. Knapp, 99 S. W., 125, 100 Texas, 587.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

This suit by the defendant in error against the Farmers & Merchants Insurance Company and the plaintiff in error, the Southwestern Surety Insurance Company, arose out of the issuance to Anderson by the former company of its policy of fire insurance in the sum of $1200, under which he suffered a loss. The Farmers & Merchants Insurance Company for the purpose of engaging in business in this State as a foreign corporation filed its bond with the Commissioner of Insurance and Banking, payable to the Commissioner in the sum of $10,438, according to the

provisions of the Act of March 20, 1909, article 4870—1, Revised Statutes, 1911, with the Republic Guaranty and Surety Company as surety. Attached to the bond and filed with it in the Insurance Department was the obligation of the plaintiff in error which constitutes the basis of the suit against it, as follows:

"Know all men by these presents, that, whereas, on the 17th day of February, 1910, the Farmers and Merchants Insurance Company, a corporation of Lincoln, Nebraska, did make, execute and deliver unto William E. Hawkins, Commissioner of Insurance and Banking of the State of Texas, and to his successors in office, their certain bond wherein they undertook certain obligations unto the said William E. Hawkins, Commissioner of Insurance and Banking, and unto all citizens of the State of Texas, said bond being in the sum of ten thousand four hundred and thirty-eight dollars, and executed by said Farmers and Merchants Insurance Company as principal, and the Republic Guaranty and Insurance Company as surety; and, whereas, the undersigned, the Southwestern Surety Insurance Company, of Durant, Oklahoma, has reinsured said Republic Guaranty and Surety Company against all liability as surety on said bond. Now, therefore, know all men by these presents, that the undersigned, the Southwestern Surety Company, of Durant, Oklahoma, does hereby reinsure the said Republic Guaranty and Surety Company against all liability on said bond, which said original bond is hereunto attached and made a part hereof. And it is further agreed that this contract of reinsurance shall run to and inure to the benefit of said William E. Hawkins, Commissioner of Insurance and Banking, and to any and every party who may be a beneficiary under said bond, and that an original action or actions against the undersigned, Southwestern Surety Insurance Company, may be maintained upon said bond and this contract just as if the said Southwestern Surety Insurance Company had signed said original bond. Witness the corporate seal and name of said Southwestern Surety Insurance Company by its proper officers, this the 31st day of March, 1910. Southwestern Surety Insurance Company by W. S. Hibbard, Vice President. Attest: S. P. Ancker, Secretary."

In the plaintiff's petition it was alleged that the Farmers and Merchants Insurance Company was insolvent and in the hands of a receiver. By cross bill the plaintiff in error sought recovery against that company and its receiver in the event of recovery by Anderson against it. Upon the trial, at the request of Anderson, an instructed verdict was returned in Anderson's favor against the plaintiff in error for the amount of the policy with interest; for the plaintiff in error against the receiver of the Farmers and Merchants Insurance Company for a like amount, and for the Farmers and Merchants Insurance Company, generally, in accordance with which judgment was rendered. On the appeal of the plaintiff in error the judgment was affirmed by the Honorable Court of Civil Appeals. Having granted a writ of error upon the application of this company, to which an answer was filed by the defendant in error,

Anderson, we are enabled to dispose of the case without further submission.

The proof made in the trial court of the contract of the plaintiff in error, above copied, in virtue of which it was sought to be charged with the liability primarily resting upon the Farmers and Merchants Insurance Company under the policy of insurance issued to the plaintiff, was by means of a copy of the instrument, certified by the Commissioner of Insurance and Banking, to the admission of which exception was duly reserved. It is an established rule that it is only of such documents as are required or permitted by law to be filed in a public office, so as to constitute them archives or records, that copies certified under the authority of such office are admissible in evidence. If the document is not of such character, it can not be regarded as other than a mere private instrument, and such a certificate gives the copy no legal authenticity. State v. Cardinas, 47 Texas, 250; Herndon v. Casiano, 7 Texas, 321; Hatchett v. Conner, 30 Texas, 110; Lott v. King, 79 Texas, 292. There can be no doubt that this contract inured to the benefit of holders of policies of the Farmers and Merchants Insurance Company, and that Anderson was entitled thereunder to directly enforce against the plaintiff in error whatever liability his policy imposed upon that company; but under no law was it authorized to be filed in the office of the Commissioner of Insurance and Banking, and it therefore evidenced only a common law obligation. While available to every beneficiary of the statutory bond to which it refers, for the enforcement of all demands protected by that instrument, its terms plainly demonstrate that primarily it was a contract of indemnity to the Republic Guaranty and Surety Company against loss by reason of its suretyship upon that bond. A surety upon such a bond may, of course, protect itself by this character of reinsurance of its liability, to inure at the same time to the beneficiaries of the bond, but the statute makes no provision for the filing of such a contract in the Insurance Department; and, otherwise, the Commissioner is not its legal custodian.

Furthermore, if the instrument can be regarded as creating the relation of a suretyship upon the original bond, it is clear that the statute does not authorize the evidencing of that relation in any such manner or by any such instrument. The certified copy did not constitute legal proof of the contract.

The judgments of the Court of Civil Appeals and the District Court are reversed and the cause remanded.

*Reversed and remanded.*

Associate Justice Hawkins did not sit in this case or participate in its decision.