J. B. Magee et al. v. J. C. Paul et al.

No. 2564.  Decided April 28, 1920.

(221 S. W., 254.)

### 1.—Land Office—Archives—Certified Copies—Evidence.

Affidavits for procuring the issuance of a duplicate land certificate in place of one lost or destroyed, filed in the General Land Office to comply with the requirements of articles 3383-3385, Rev. Stats., 1879, and approved and acted on by the Land Commissioner by issuance of such duplicate, became

archives of that office; and certified copies thereof were admissible in evi
dence wherever the originals would be admissible. (Pp. 477, 478).

### 2.—Same—Search for Originals.

The Land Commissioner having issued a duplicate land certificate, not
on production of the original and transfers thereof, but on affidavits showing
tnat the original certificate and transfers were lost, it was not necessary,
in order to admit certified copies of such affidavits, to show that search
had been made of the records of the Land Office for such originals and
transfers as the better evidence. (P. 478).

### 3.—Transfer—Evidence—Inference from Failure to Claim.

Inference that an apparent owner has parted with his title may be
drawn from evidence of long asserted and open claim adverse to that of the
apparent owner; from non-claim by him; and from acquiescence by him in
the adverse claim. (P. 478).

### 4.—Evidence—Claim of Ownership—Recitals.

As evidence of a claim of ownership, recitals in ancient instruments
are admissible over the objection that they are hearsay and self-serving.
(P. 478).

### 5.—Evidence—Recitals—Archives—Conclusions.

Recitals in ancient archives showing claim of ownership (affidavits
showing the loss of an original land certificate and its transfers) were not
rendered inadmissible by the fact that they embraced some conclusions of
the affiant, where such conclusions were required by law for the purpose of
procuring a duplicate certificate for the one claiming under such transfers.
(P. 478, 479).

### 6.—Evidence—Ancient Affidavit by Living Witness.

An ancient affidavit constituting an archive of the Land Office and
identifying by number a land certificate formerly transferred by the affiant
was not rendered inadmissible by the fact that affiant was still living, he
now testifying that he had transferred many certificates and could not now
recall their numbers. (P. 479).

### 7.—Transfer—Circumstantial Evidence—Possession.

Actual possession of land by the claimant was not necessary in order
to enable him to establish by presumptive evidence a former transfer of
the land to him,—especially when such evidence relates to a sale of per-
sonalty such as an unlocated land certificate. (Pp. 479, 480).

### 8.—Recitals—Evidence—Possession.

Recitals in an ancient transfer of a duplicate certificate of the transfer
of the original to the claimant of the duplicate, and recitals in ancient plead-
ings in court records, are admissible to show the claim of right thereby
made; and possession of the land or certificate was not necessary to their
admissibility. (Pp. 480, 481).

### 9.—Evidence—Facts and Conclusions.

Not every conclusion or inference of an ordinary witness is excluded.
An inference necessarily involving certain facts—merely a short-hand render-
ing of the facts—may be given by the witness, subject to cross-examination:
but not so where the inference may be sustained upon either of several
distinct phases of facts, neither of which it necessarily involves. (P. 481).

**10.—Same—Ownership.**

Since one may become the owner of a land certificate in a variety of ways, as by devise, descent, purchase, or limitation, his testimony that he was its owner does not involve any certain facts, and should be excluded on objection that it is a mere conclusion.  (P. 481).

**11.—Same—Sale.**

The statement of a witness that he sold and delivered a land certificate to a purchaser and received its value necessarily involved the fact that he agreed to the transfer of both, and was not objectionable on the ground that it was a mere conclusion of the witness.  (P. 481).

**12.—Trespass to Try Title—Burden of Proof—Lost Transfers.**

The burden of proof was upon the plaintiff in trespass to try title to establish by preponderance of evidence missing links in his chain of title. (P. 481).

**13.—Supreme Court—Certified Question.**

The statutes do not authorize the transfer of an entire case to the Supreme Court on certified questions, and it declines to pass on the sufficiency of the evidence to support the trial court's judgment, after excluding that found to be inadmissible.  (Pp. 481, 482).

Questions certified from the Court of Civil Appeals for the Seventh District, in an appeal from Lubbock County.

*W. F. Schenck, J. Frank Faulk* and *Wm. J. Burns* for appellants. —Parry is living.  Prior to trial, his deposition had been taken twice, and these depositions were on file and used in the trial. Under such circumstances, the *ex parte* affidavit of Parry was inadmissible. Crosby v. Ardoin, 145 S. W., 709;  Thomson v. Hubbard, 53 S. W., 841;  Houston v. Blythe, 60 Texas, 506;  4 Chamberlayne, Mod. Law of Evidence, p. 3728, secs. 2714; 2 Wigmore on Evidence, sec. 1384;  1 Pasch. Dig., Laws, art. 70, note 250;  Mackey v. Armstrong, 84 Texas, 159;  1 Wigmore on Evidence, p. 368, sec. 285;  Lessee of Mitchell v. Ryan, 3 Ohio St., 377.

This is a suit in trespass to try title, and the petition is in the usual form. The answer is a general denial and a plea of not guilty. The general denial, of course, put plaintiffs to proof of every fact necessary to recovery.  The plea of not guilty did likewise.  Stroud v. Springfield, 28 Texas, 689, 673; Hughes v. Lane, 6 Texas, 289; Barnes v. McArthur, 4 Texas Civ. App., 71; Philipowski v. Spencer, 63 Texas, 604;  Byers v. Wallace, 87 Texas, 503.

It has been definitely settled in Texas that the declarations of one in possession are not admissible to prove title in the declarant. Herndon v. Davenport, 75 Texas, 462;  McDow v. Rabb, 56 Texas, 154, 159;  Mooring v. McBride, 62 Texas, 309, 312;  Gilbert v. Odum, 69 Texas, 670, 673;  Rickman v. Gillum, 66 Texas, 314, 316;  4 Chamberlayne Mod. Law Evid., sec. 2601, pp. 3527, et seq., quoted with approval in Lester v. Hutson, 167 S. W., 321, 329, 330.

Declarations are admissible only when made at the time that the declarant is in possession, and are not admissible if made when the declarant is not in possession. Herndon v. Davenport (1889), 75 Texas, 462; Campbell v. San Antonio, etc. Co., 133 S. W., 750; Clay County, etc., Co. v. Montague County, 8 Texas Civ. App., 575; 4 Chamberlayne, Mod. Law of Evidence, sec. 2606, p. 3538; Abell v. Van Gelder, 36 N. Y., 513; 2 Jones Com. Evidence, sec. 351; Traylor v. Hollis, 91 N. E., 567; 16 Cyc., 1168, 1173; Whitney v. Bacon, 75 Mass., 206; Sneed v. Osborn, 25 Calif., 619; Dunlap v. Griffith, 47 S. W., 917; Besser v. Joyce, 9 Ore., 310; Taylor v. Lusk, 9 Iowa, 444; Thomas v. DeGraffenreid, 17 Ala., 602; 2 Jones. Com. Evidence, p. 852; 3 Wigmore on Evidence, p. 2285; Ellis v. Janes, 10 Calif., 456; National Min. Co. v. Powers, 3 Mont., 344; Rollofson v. Nash, 77 N. W., 954.

The following testimony is a conclusion: "I owned Certificate No. 16, having become the owner of same in due course of my business for value received." Luce v. Parsons, 192 Mass., 8; Evans v. Gerry, 174 Ill., 595; 3 Chamberlayne, Mod. Law of Evidence, 3198.

The following testimony is a conclusion: "I sold Certificate No. 61 to Stephen Albert in due course of trade and received from him the value thereof at the time and delivered the same to him at my place of business. Porter v. Davies, 223 Fed., 465.

That part of the transfer of the duplicate certificate from Albert to Daugherty, which reads, "and transferred by said John H. Gibson to me, the said Stephen Albert," is not admissible, because a conclusion.

The part of the Albert-Daugherty transfer which reads: "and transferred by said John H. Gibson to me, the said Stephen Albert," is not admissible as a claim of ownership on the part of Albert because (1) it is a declaration as to title; and (2) Albert was not shown to have been in possession of the original certificate when the declaration was made. Davidson v. Wallingford, 88 Texas, 619; Brice v. Libe, 30 Ala., 647; 4 Chamberlayne, Evidence, sec. 260; Rigg v. Cook, 9 Ill., 336; Cheesman v. Kyle, 15 Ohio St., 15; Freda v. Tischbein, 49 L. R. A. 708; 16 Cyc. 1166.

Whether or not Parry owned the original Gibson certificate is a conclusion that the law draws from the facts evidencing the claim of ownership. Shifflet v. Morelle, 68 Texas, 382; Gilbert v. Odum, 69 Texas, 670; Ballew v. Casey, 9 S. W., 189; Howard v. Zimpelman, 14 S. W., 59; Western, etc., Co. v. Hearne, 7 Texas Civ. App., 67; Huff v. Crawford, 32 S. W., 592; Same Case, 89 Texas, 214; Scott v. Witt, 41 S. W., 401; Cullers v. Gray, 57 S. W., 305; Gonzales v. Adoue, 56 S. W., 543; Hamilton v. McAuley, 665 S. W., 205; National State Bank v. Ricketts, 152 S. W., 646; Taylor v. Butler, 168 S. W., 1004; Chamberlayne on Evidence, sec. 2359; 17 Cyc., 221; Simpson v. Smith, 27 Kan., 565; Estate of Pepper, 158 Calif.,

619; Montgomery v. Martin, 62 N. W., 578; Dunlap v. Hearn, 37 Miss., 471; Cropsy v. Averill, 8 Neb., 152.

*W. H. Bledsoe* and *W. H. Kimbrough,* for appellees.—"(a) Did the trial court err in admitting in evidence the affidavits over appellants objections?" We submit that subdivision (a) of the question should be answered in the negative. Rev. Stats., 1895, arts. 4119, 4121, 4638; Act of January 19, 1839; Robertson v. Brothers, 139 S. W., 657; Seibert v. Richardson, 23 S. W., 899; Ingram v. Walker, 26 S. W., 477; Lott v. King, 79 Texas, 303; T. M. Ry. v. Jarvis, 69 Texas, 527; Downing v. Diaz, 80 Texas, 444; Houston v. Parry, 3 Texas, 393; Edwards v. Roark, 19 Texas, 190; Gresham v. Chambers, 80 Texas, 549; Davidson v. Wallingford, 88 Texas, 623.

"(b) Were they admissible for any purpose? If so, for what purpose?" Subdivision (b) of the first certified question should be answered to the effect that the affidavits were admissible for the purpose of showing that the requirements of the statute respecting the issuance of duplicate certificates had been complied with; for the purpose of showing that the duplicate certificate was issued upon the application of Albert, and upon his claim of ownership; for the purpose of showing open and public assertion of ownership by Albert and those holding under him from 1878 to the present time; and, as Chief Justice Huff remarks, for all purposes which the fact of filing the affidavit tended to prove. Same authorities.

"(c) Could they be considered for the purpose of identity or for the purpose of rebutting the presumption that the grantee in the original and duplicate certificate made the proof of loss of the original?" Subdivision (c) of the first certified question should be answered in the affirmative. Same authorities.

"(d) Can they be considered as an assertion of a claim of ownership to the certificate?" Subdivision (d) of the certified question should be answered in the affirmative. It is sufficient to refer to the authorities under the preceding propositions under this certified question.

Subdivision (a) of the second certified question should be answered in the negative, because the trial court did not err in overruling the objection to that part of the testimony of the witness Parry in which he stated that he owned Certificate Number 16, Schauer v. von Schauer, 138 S. W., 145; 9 Ency. of Ev., p. 262; Nelson v. Iverson, 24 Ala., 9, 60 Am. Dec., 442; Ardon v. Hooper, 119 N. C., 581, 26 S. E., 143; DeWolf v. Williams, 60 N. Y., 621; Steiner v. Tranum, 98 Ala., 31, 13 So., 365; Murphy v. Olberdine, 107 Iowa, 547, 78 N. W., 205; Freeman v. Cleary, 136 S. W., 521, 524; Broussard v. Cruse, 154 S. W., 347, 350.

For the authorities holding that the beneficial ownership of the land certificate before location passed by delivery, see Johnson v.

Newman, 43 Texas, 640; Baggett v. McKenzie, 28 Texas, 582; Walters v. Jewett, 28 Texas, 200; Dean v. Blunt, 71 Texas, 271.

Subdivision (b) of the second certified question should be answered in the negative, because the trial court did not err in overruling the objection to that part of the answer of the witness stating that he sold the certificate to Albert. Davidson v. Wallingford, 88 Texas, 623.

Subdivision (c) of the second certified question should be answered to the effect that the entire answer of the witness was admissible, because it states a simple fact and the explanatory facts concerning it, and was neither improper in any respect nor harmful to the defendant.

The trial court did not err in overruling the objections to the recitals in the transfer from Albert to Daughterty to the effect that it had been transferred by John H. Gibson to said Albert. Brewer v. Cochran, 99 S. W., 1033, 1036; Roebke v. Andrews, 26 Wis., 311; McMahon v. McDonald, 173 S. W., 322, 324; Freeman v. Rice Institute, 128 S. W., 629, 631; Harrison v. Friar, 28 S. W., 250, 251.

The proceedings in the case of J. S. Daugherty v. J. H. Gibson et al., in District Court of Baylor County, were admissible. Here was a direct assertion by a formal suit brought by Daugherty setting up and alleging title in himself and seeking to perfect it against any adverse claims on the part of Gibson or others. The plaintiffs introduced this record and undertook to limit it, but necessarily vouched for its authenticity. This unquestionably gave the defendants the right to have it considered by the court for all purposes, and especially as a circumstance showing a continuous claim of title under the duplicate certificate from Albert down to plaintiffs, inclusive.

Subdivision (a) of the fifth certified question should be answered in the affirmative, because there was an abundance of evidence under Davidson v. Wallingford and Brewer v. Cochran, referred to in the certificate, to support the findings of the trial court that the ownership of the certificate had passed to Albert, and no question is made but that if Albert was the owner of the duplicate certificate plaintiffs are the owners of the land. See authorities cited under the fourth certified question above; also the following: Booth v. Clark, 78 S. W., 394; Hall v. Reese, 58 S. W., 929; Davis v. Borgas, 33 S. W., 548; Baldwin v. Roberts, 36 S. W., 789; Davidson v. Wallingford, supra; Brewer v. Cochran, supra.

Subdivision (c) of the fifth certified question should be answered in the negative because it was not incumbent on plaintiffs to show by direct testimony a complete chain of transfers from Gibson to themselves, but, under well established rules, even a deed may be presumed under circumstancs such as are shown in this record, notwithstanding the rule that the transfer of real estate

must be in writing; much more is it the case when the court is only called upon to presume the transfer of the certificate, which may be made without any writing whatever.

Mr. JUSTICE GREENWOOD delivered the opinion of the court.

This was an action of trespass to try the title to 640 acres of land in Lubbock County, in which appellees were plaintiffs and appellants were defendants.

The case was tried in the District Court without a jury and judgment was rendered for appellees. The Court of Civil Appeals reversed the judgment and remanded the cause for a new trial, 159 S. W., 238; but, the judges were not agreed in their conclusions, and have presented numerous questions in a certificate of seventeen pages.

In order that our answers to the properly certified questions may be understood, we state the following facts from the certificate.

The land was patented by the State, on May 25, 1882, to John H. Gibson, who died on Oct. 28, 1877, and the heirs of John H. Gibson conveyed the land, on March 30, 1910, to appellant P. C. Gibson, who conveyed an undivided half interest in the land, on May 5, 1911, to appellants W. F. Schenck and N. Frank Faulk, in consideration of legal services rendered and to be rendered.

The land was located under a duplicate certificate, numbered 35/52, dated July 15, 1878, reciting that satisfactory evidence had been produced of the loss of land script certificate No. 16, issued to John H. Gibson on July 27, 1875, for 640 acres of land, and declaring that the duplicate would entitle the said John H. Gibson to all the benefits granted by the original certificate.

On May 23, 1879, a survey was made of the 640 acres of land in controversy by virtue of the duplicate certificate No. 35/52 "for J. S. Daugherty, C. A. Connell, and J. A. Ammermann."

By deed dated and acknowledged June 21, 1879, Stephen Albert, of Floyd County, Indiana, transferred and assigned to J. S. Daugherty duplicate certificate No. 35/52, and the deed recited that the certificate was a "duplicate of certificate No. 16, issued to the said John H. Gibson, by Commissioner of the General Land Office, on the 27th day of July, 1875, and transferred by said John H. Gibson to me, the said Stephen Albert." This deed was duly recorded on June 28, 1886.

Appellees have a regular chain of title, duly recorded, to the 640 acres of land, under J. S. Daugherty, the deed to appellees being dated August 14, 1905.

There was evidence, some of which tended to establish, and some of which tended to negative, acquiescence by the heirs of John H. Gibson in the claim to the 640 acres under Stephen Albert.

No possession of the land was shown, save that appellant Schenck had collected $32 per year as rent, for a period not stated.

The appellees were entitled to recover only in the event that they established an ancient transfer, or chain of ancient transfers, of original certificate No. 16, from John H. Gibson to Stephen Albert.

Appellees offered in evidence certified copies of written instruments, endorsed as filed in the General Land Office on the day on which the duplicate certificate was issued, as follows:

1st. An affidavit of Stephen Albert, made July 8, 1878, to the effect that when he delivered, at New Albany Indiana, to the Adams Express Company, Texas land script No. 166, the transfer of same to him was attached thereto, and that the script and transfer had been lost, and that affiant was the sole, exclusive and absolute owner of the certificate and had never transferred the same or any interest therein to any person.

2nd. An affidavit of W. E. Parry, made July 3, 1878, to the effect that when he sold and delivered to Edward White and Stephen Albert of New Albany, Ind., Texas land script No. 16, and eight other certificates whose numbers were stated, the transfers were properly made and acknowledged, and that affiant had no memoranda to refresh his memory as to the exact numbers of the certificates, yet, to the best of his recollection, knowledge and belief, the numbers given were correct.

3rd. An affidavit of J. L. A. Thomas, made July 12, 1878, to the effect that on February 22, 1878, he was a manager of the Texas Express Company, and that on that day he was attacked by armed and masked men and a number of valuables were taken from him, and among them was one package from New Albany, Ind., valued at $1400, addressed to S. W. Lomax at Ft. Worth, Texas.

Appellees also offered in evidence a copy, certified by the Commissioner of the General Land Office, of an affidavit of B. B. Paddock, made May 24, 1878, to the publication in the "Democrat" at Fort Worth, Texas, for sixty days, of a notice signed by "F. W. Conner, Agent, Texas Express Company," of the loss of nine land certificates, including certificate No. 16, issued to John H. Gibson, and that if not recovered or found within sixty days, application for duplicate would be made.

The first question certified is whether the trial court erred in admitting the foregoing affidavits in evidence, over the following objections: first, that the affidavits were not archives of the Land Office; second, that the affidavits were secondary and hearsay evidence; and third, that the matters shown by the affidavits were conclusions of the affiants.

The law in force when the duplicate certificate was issued was the same as in articles 3883, 3884, and 3885 of the Revised Statutes of 1879. It is evident that the affidavits were filed in an attempt to meet the provisions of the law. The Land Commissioner, in the exercise of his authority to determine the sufficiency of the affidavits, having approved same, and having issued thereon the duplicate

certificate, under which the land in controversy was patented, it cannot be said that the law did not authorize or permit the filing of the affidavits, and hence there is no doubt they became archives, and the certified copies were as admissible in evidence as would be the originals.    Southwestern Surety Ins. Co. v. Anderson, 106 Texas, 46, 155 S. W., 1176; Robertson v. Brothers, 139 S. W., 658.

The law under which the duplicate certificate issued required that "when the assignee of the original grantee applies for such duplicate,, the evidence of this title shall be filed in the general land office, if not already on file." Under this requirement, Albert filed, and the Commissioner approved, as the evidence of his title, proof that transfers into himself of the certificate had been executed, and that the certificate and transfers had been lost.    With this affirmative showing that the duplicate issued, not on filed transfers but on proof of inability to file transfers, and with all parties claiming under the act of the Commissioner in accepting this proof, we do not think that any further showing was necessary that a search would be unavailing in the Land Office for better evidence of the missing links in appellees' chain of title, and hence the objection was not tenable that the affidavits were secondary evidence.

Since it is not consistent with human experience for one really owning property of value to assert no claim thereto, but to acquiesce for a long period of time in an unfounded, hostile claim, the rule is sound which permits the inference that an apparent owner has parted with his title from evidence, first, of a long asserted and open claim, adverse to that of the apparent owner; second, of nonclaim by the apparent owner; and third, of acquiescence, by the apparent owner, in the adverse claim.

The rule is essential to the ascertainment of the very truth of ancient transactions.    Without it, numberless valid land titles could not be upheld.    Its application becomes more and more important with the passing years, as it becomes more and more difficult to get living witnesses to that which long ago transpired.

As evidence of a claim of ownership, recitals in ancient instruments are admissible, over the objection that they are hearsay or self serving.    Dunn v. Epperson, 175 S. W., 841; Sandmeyer v. Dolijsi, 203 S. W., 118.    The principal reasons which forbid the exclusion of such recitals have been stated with such clearness and force in a series of opinions by the lamented Judge Reese as to obviate the necessity for further discussion.    Brewer v. Cochran, 45 Texas Civ. App., 179, 99 S. W., 1033; Frugia v. Trueheart, 48 Texas Civ. App., 513, 106 S. W., 739; Hirsch v. Patton, 49 Texas Civ. App., 499, 108 S. W., 1017; Thompsom & Tucker Lumber Co. v. Platt, 154 S. W., 270.

The recitals here objected to are in ancient public archives, and were admissible as circumstances, because showing an open, unequivocal, and positive claim of ownership, to prove, in connection

with other evidence, a sale of the land certificate by John H. Gibson. Bounds v. Little, 75 Texas, 320, 12 S. W., 1109; Jones v. Reus, 5 Texas Civ. App., 628, 24 S. W., 677, 678.

We do not think that the fact that some of the averments of the affidavits were in the form of conclusions prevented their admission for the purpose we have stated; and, it may be noted that without certain of the statements objected to as conclusions, an affidavit to procure a duplicate of a lost certificate would not have complied with the law.

It is urged that in no event were the contents of Parry's affidavit admissible because he was alive. The parties interposing this objection introduced portions of Parry's deposition to the effect that he had sold as many as 500 land certificates, and had sold some to Stephen Albert, but that he could not remember the number of each certificate that was sold. Under these circumstances, we have no doubt that the recitals of this ancient affidavit were admissible in the enquiry as to the number of the certificates involved in the sale to Albert. Surely it could not be said that any different rule should be applied where it was shown that a declarant had lost his recollection of an occurrence in the remote past than would be applied where it was shown that he had died. Because of the effect of the long lapse of time on the average human memory, we would not, however, be inclined to hold that recitals in an ancient affidavit were rendered inadmissible by the fact that the affiant was yet alive.

Actual possession of the land by Stephen Albert or by his assigns was not essential to the establishment by circumstantial evidence of the alleged missing link or links in the title from John H. Gibson to Stephen Albert.

The court pointed out, in an opinion by Chief Justice Gaines, in Baldwin v. Goldfrank, 88 Texas, 257, 31 S. W., 1064, that the rule that the presumption of a grant or deed will not be allowed in the absence of proof of actual possession would be reasonable in a country where there were no unoccupied lands, but that in a country where much of the lands were unoccupied, a different rule should prevail.

In harmony with this view, it was held in Brewer v. Cochran, *supra,* in passing on the admissibility of recitals in ancient deeds that "the recitals were not offered, nor admitted, as direct evidence of execution of the recited deeds, but only as a circumstance showing a claim by Roberts made as early as 1869, nearly 40 years ago, as explanatory of his claim of title in himself, that the Brewers had conveyed it to him. The claim of title and assertion of ownership, as evidenced by various acts of sale and conveyance, all made matter of public record, and by payment of taxes by his vendees, are admissible as circumstances, *without actual possession, which is*

*not essential,* especially in case of wild land such as this, of which there has never been actual possession by anybody."

The claim by Stephen Albert was to an unlocated land certificate, which had not become realty. In Condit v. Galveston City Company, 186 S. W., 403, it was decided that ancient recitals of a sale of personalty were admissible as tending to establish the sale recited, in the absence of either possession or a long continued assertion of title.

None of the objections to the admission of the affidavits required their exclusion and the trial court did not err in overruling such objections and in admitting the affidavits.

The third question certified is whether the trial court erred in admitting in evidence the recital in the transfer of the duplicate certificate from Stephen Albert to J. S. Daugherty, dated June 21, 1879, that the certificate was a duplicate of one transferred by John H. Gibson to Stephen Albert, over the objection that such recital was secondary evidence of the transfer and was a conclusion.

The fourth question certified is whether certain proceedings in the District Court of Baylor County in 1884 and 1885, were admissible in evidence, for any purpose, such proceedings having been brought by J. S. Daugherty against J. H. Gibson and others, and containing recitals that the Gibson certificate had been transferred to Stephen Albert. The testimony showed that J. H. Gibson was dead at the date of the proceedings and failed to show that Daugherty was ever in actual possession of the land.

We answer that the recital in the ancient transfer from Albert to Daugherty and in the ancient pleadings in the District Court of Baylor County were admissible to show a claim of ownership of the land certificate and land by Stephen Albert and his assigns, and that the admissibility of such recitals did not depend on whether actual possession was shown of the certificate or land. Harrison v. Friar, 8 Texas Civ. App., 524, 28 S. W., 250; Houston Oil Co. of Tex. v. Drumwright, 162 S. W., 1014; Brewer v. Cochran, supra; Condit v. Galveston City Company, supra.

Question numbered Second (a), asks whether the trial court erred in admitting in evidence that part of the answer of the witness W. E. Parry, wherein he deposed that he owned certificate No. 16, over the objection that same was an opinion and conclusion of the witness and was hearsay and secondary evidence.

Question numbered Second (b) asks whether the trial court erred in overruling the objection to the answer of the witness W. E. Parry that he sold certificate No. 16 to Stephen Albert in due course of trade and received from him the value thereof at the time and delivered same to him at his place of business, the objection being that the testimony was secondary and hearsay and was a conclusion of the witness.

In our opinion the trial court did not err in overruling all the objections recited in Question Second (a), and in Question Second (b), save the objection that the statement of the witness that he owned certificate No. 16 was a conclusion.

It is not every conclusion or inference of the ordinary witness which ought to be excluded. As said in Wharton's Law of Evidence, Vol. 1, section 510: ''The true line of distinction is this: an inference necessarily involving certain facts may be stated without the facts, the inference being an equivalent to a specification of the facts; but when the facts are not necessarily involved in the inference (e. g., when the inference may be sustained upon either of several distinct phases of fact, neither of which it necessarily involves), then the facts must be stated. In other words, when the opinion is the mere short-hand rendering of the facts, then the opinion can be given, subject to cross-examination as to the facts on which it is based.''

Since one may become the owner of a land certificate in a variety of ways, as by devise, or descent, or purchase, or limitation, the statement that one is owner cannot be properly said to necessarily involve any certain facts. So, the rule stated clearly forbade the admission of the statement of the witness that he owned the certificate, over the objection that he was stating his conclusion.

The following authorities also support our conclusion that the objection should have been sustained. Gilbert v. Odum, 69 Texas, 673, 7 S. W., 510; Huff v. Crawford, 89 Texas, 214, 34 S. W., 606; Scott v. Witt, 41 S. W., 402; 3 Chamberlayne Mod. Law of Evidence, Vol. 3, sec. 2359.

When the rule is applied to the statement that the witness sold the certificate to a certain purchaser and received its value, and delivered the certificate to the purchaser, we think the court below rightly refused to exclude this statement. For, a sale, on a consideration received, of such an article as a land certificate consists of only two elements, first, the agreement to pass the title for the stipulated consideration, and second, a delivery of the property. Skirvin v. O'Brien, 43 Tex. Civ. App., 7, 95 S. W., 696; Here the witness states the facts that he had received the consideration and delivered the land certificate, and we think his statement necessarily involved the fact of the agreement to pass the title for the price received.

To the fifth question we answer that it was incumbent on the plaintiffs, in this action of trespass to try title, to establish the missing links in the chain of title, under which they claimed the 640 acres of land, by the preponderance of the evidence, before they were entitled to recover.

We express no opinion on the questions certified as to the sufficiency of the evidence, excluding that not admissible, to support the trial court's judgment, since this court has uniformly held that

the statutes do not authorize the transfer of an entire case to this court nor intend to have this court, in answering certified questions, to substitute its jurisdiction for that of the Court of Civil Appeals. Falfurrias Immigration Company v. Spielhagen, 103 Texas, 144, 124 S. W., 616; Kelley-Goodfellow Shoe Co. v. Liberty Ins. Co. 87 Texas, 114, 26 S. W., 1063; Missouri K. & T. Ry. Co. v. Briscoe, 110 S. W., 430.