## STATE v. DYER.

### No. 11817.

Court of Civil Appeals of Texas. Galveston.

Nov. 14, 1946.

Rehearing Denied Dec. 5, 1946.

Grover Sellers, Atty. Gen., and W. V. Geppert and C. K. Richards, Asst. Attys. Gen., for appellant.

Vinson, Elkins, Weems & Francis and Frank G. Dyer, all of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by the State of Texas as intervenor in cause styled Arch MacDonald v. Texas Loan & Guaranty Company, now pending in the district court of Harris County, for recovery from appellees, Texas Loan & Guaranty Company and Frank G. Dyer, receiver thereof, of the sum of $9519.56, representing delinquent franchise taxes alleged to be due the State of Texas by the corporation for the years 1915 to 1945, inclusive, together with penalties thereon, in accordance with Articles 7084 and 7089, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. arts. 7084, 7089.

In a trial before the court without a jury upon an agreed statement of facts, judgment was rendered in favor of the State of Texas, as intervenor, against Frank G. Dyer, receiver, for the recovery of $312.50, being the taxes, and penalties thereon, due the State of Texas for the year 1915. All other relief prayed for by intervenor was denied.

This suit was originally filed by Arch MacDonald against Texas Loan & Guaranty Company, a corporation, in the district court of Harris County, Texas, on December 1, 1915. In his suit MacDonald alleged that said corporation was indebted to him in the sum of $5000. He sought the appointment of a receiver on the ground that the Texas Loan & Guaranty Company was insolvent and that a receiver was necessary to take charge of its assets and properties. In its answer Texas Loan & Guaranty Company admitted all the allegations in plaintiff's petition were true and consented to the appointment of a receiver. The court made the following order appointing E. L. M. Beavens receiver for the company:

"Upon due consideration of said application and answer of the defendant thereto and the evidence adduced in support thereof, it is ordered that said application for a receiver be granted and that E. L. M. Beavens of Harris County, Texas, be and he is hereby appointed receiver for Texas Loan & Guaranty Company. * * * It is further ordered that said receiver, E. L. M. Beavens, shall, when he shall have qualified, take immediate possession of all the properties and assets of Texas Loan & Guaranty Company and administer the affairs of this company under the orders of this court."

Subsequently E. L. M. Beavens died and L. B. Moody was appointed and qualified as receiver for the corporation. He served as such receiver until his death on June 22, 1945. On July 5, 1945, Frank G. Dyer, the present receiver, was appointed and qualified as such receiver.

This intervention was filed on September 12, 1945.

In its answer to said intervention, appellee admitted that it had failed to make any franchise tax report for the years 1915 to 1945, inclusive. It alleged that the right of said corporation to do business as a corporation in the State of Texas had been duly forfeited by the Secretary of State in accordance with the provisions of Article 7091, Revised Civil Statutes of Texas, on July 2, 1915. That on December 1, 1915, it was insolvent and that the effect of the court's order appointing a receiver for such insolvent corporation on said date was, under the laws of Texas, to dissolve said corporation; that the corporation was dis-

solved on that date and has since that date been dissolved, and the assets belonging to the corporation at the time of its dissolution became a trust fund for the creditors and stockholders of the corporation, to be administered by the receiver thereof under the orders of the court; that since December 1, 1915, it had incurred no liability to the State of Texas for franchise taxes and was and is not liable for any franchise taxes alleged to have accrued subsequent to December 1, 1915.

The receiver further alleged that neither he nor any of the receivers thereof who preceded him had carried on the business of the corporation, but that said receivers had only administered the assets of the corporation for the creditors and stockholders thereof, under the orders of the court.

At the trial of this cause it was stipulated by the parties that on July 2, 1915, the office of the Secretary of State of the State of Texas, pursuant to the provisions of Article 7092, Revised Civil Statutes, had notified Texas Loan & Guaranty Company that unless the franchise taxes and penalties due thereon for the year 1915 were paid, the right of said Texas Loan & Guaranty Company to do business as a corporation in the State of Texas would be forfeited in accordance with the provisions of Article 7091, Revised Civil Statutes, and that the State of Texas did forfeit the right of the Texas Loan & Guaranty Company to do business in the State of Texas, said taxes and penalties not having been paid. It was further stipulated that Texas Loan & Guaranty Company was in fact insolvent on December 1, 1915, and it had been in receivership by orders of the district court of Harris County since that date, but that on May 1, 1915, there was due by Texas Loan & Guaranty Company to the State of Texas in franchise taxes the sum of $250, plus a penalty of 25% amounting to $62.50. Judgment was rendered in favor of appellant against appellee for this amount of taxes. The court refused appellant judgment for the balance sued for.

Article 2293 of Revised Civil Statutes of Texas makes the following provisions for the appointment of a receiver:

"Receivers may be appointed by any judge of a court of competent jurisdiction of this State, in the following cases:

\*. \* \* \* \* \*

"3. In cases where a corporation is insolvent or in imminent danger of insolvency; or has been dissolved or has forfeited its corporate rights."

In its original petition in this cause plaintiff alleged only the following as grounds for the appointment of a receiver: "That said defendant is insolvent; that in order to preserve and conserve the assets and properties of the said defendant, it is necessary that a receiver be immediately appointed to take charge of the assets and properties of said defendant."

The court entered an order on December 1, 1915: "After due consideration of said application for a receiver, and the answer of the defendant, and the evidence adduced in support of the application," appointing a receiver and ordering the receiver to take immediate possession of all properties and assets of the corporation and to administer the affairs of the corporation under the orders of the court.

■ This case having been tried before the court without a jury upon an agreed statement of facts, in the absence of a contrary showing every disputed issue of fact raised by the testimony, including the fact that the Texas Loan & Guaranty Company was insolvent on December 1, 1915, must be presumed to have been resolved by the trial court in support of the judgment rendered. Weems v. Stewart, Tex.Civ.App., 192 S.W.2d 935, and cases there cited; Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363; Warren v. Houston Oil Company of Texas, Tex.Com. App., 6 S.W.2d 341; 3 Tex.Jur., page 1063.

Article 1387, Revised Civil Statutes of Texas, provides that:

"A corporation is dissolved:

\* \* \* \* \* \*

"7. Whenever a corporation upon proper judicial ascertainment is found to be insolvent. Acts 1907, p. 311."

While the Supreme Court of Texas has not passed on the precise question here

858

presented, in so far as we have been able to ascertain, we have been cited to two cases decided by our Courts of Civil Appeals which discuss and apply said Article 1387.

In the case of Southwestern Surety Ins. Co. v. Anderson, 152 S.W. 816, 819, by the Texarkana Court of Civil Appeals (reversed on other grounds by the Supreme Court, 106 Tex. 46, 155 S.W. 1176), it was urged, among other contentions, that the State of Nebraska had brought suit to dissolve the Farmers & Merchants Insurance Company, and for a receiver to wind up its affairs on the ground that it was insolvent. In its opinion the court said:

"It further appeared, from the judgment rendered in that suit, that a Nebraska court had determined that said Farmers' & Merchants' Insurance Company was insolvent, and had appointed a receiver to take charge of and wind up its affairs.

"The effect of the judgment under the laws of that state not having been shown, it should be presumed to be the same as it would be under the laws of this state, to wit, to dissolve the corporation. Article 1205, R.S.1911 (present article 1387). After it had been dissolved and its affairs placed in the hands of a receiver, the corporation could not be sued. It had ceased to exist. Thompson on Corporations, § 6718, et seq. It is apparent, therefore, that no right of appellant was prejudiced by the action of the court complained of. The motion is overruled."

In the case of Leyhe v. Leyhe, 220 S.W. 377, 379 (Amarillo Court of Civ.App.), it was held that an adjudication of insolvency dissolved a corporation and that the corporation itself could not thereafter be sued, and that the directors of the corporation became trustees to wind up its affairs, and that suit could not be maintained to establish a corporate liability against any of them singly. In its opinion the court said:

"* * * The adjudication of insolvency dissolved the corporation. R.S. art. 1205 (present article 1387). The corporation itself could not thereafter be sued. Orange Lumber Co. v. Toole, [Tex.Civ. App.,] 181 S.W. 823."

 It is, we think the established law of this state that the liability of a corporation for franchise taxes ceases when it is dissolved. Ross Amigos Oil Co. v. State, 134 Tex. 626, 138 S.W.2d 798.

The cases cited by appellant, State of Texas, to the effect that a mere appointment of a receiver for a corporation does not dissolve it, are, we think, not applicable, for the reason that each of the cases cited arose prior to 1907, the year in which Article 1387 was enacted by the Legislature. Obviously they could have no bearing on a case filed subsequent to the passage of said article 1387.

Under the above authorities, we think the Texas Loan & Guaranty Company was dissolved on December 1, 1915, by the finding by the district court of Harris County that the Texas Loan & Guaranty Company was at that time insolvent, and that as of that date the corporation ceased to exist and was, therefore, not liable for the franchise taxes claimed to be due since that date.

It follows that the judgment of the trial court must be in all things affirmed.

Affirmed.