## F. W. GRAYSON v. WILLIAM LOFLAND ET AL.

### Decided June 7, 1899.

**1.   Lost Deed—Circumstantial Evidence.**

Where the petition alleged that land was conveyed to plaintiff, and that the deed had been lost or destroyed, the fact that the grantor and plaintiff's agent joined in a deed dedicating streets, which recited that plaintiff owned such land, is admissible as a circumstance to establish the deed, and an allegation in the petition that, if a deed was not made, it was through an oversight, is not such an admission as will defeat plaintiff's right to introduce such evidence.

**2.   Limitations—Married Woman Not a Minor.**

The marriage of a female under 21 years of age removes the disability of minority, so far as the statute of limitations and the tacking of disabilities thereunder is concerned.

**3.   Lost Deed—Evidence.**

Evidence of acts by plaintiff or his agents, showing an open claim by him to land, is admissible, though self-serving, as circumstantial proof tending to establish a lost deed to him; but private letters to him from his agent are not admissible for that purpose.

**4.   Same—Proof Held Sufficient to Establish.**

A deed to plaintiff will be presumed where one executed by the alleged grantor dedicating streets recites that plaintiff owned part of the land and plaintiff's agent paid the taxes, and such possession as was shown thereafter was that of plaintiff, and the alleged grantor, although living twelve years thereafter, asserted no claim to the land, and it was not placed on the inventory of his estate or on that of his wife, who was his sole devisee,—evidence of such facts being sufficient to raise a fair probability of the existence of the deed.

APPEAL from Galveston.   Tried below before Hon. WILLIAM H. STEWART.

*J. R. Burnett,* for appellant.

*Maco Stewart* and *F. D. Minor,* for appellee.

JAMES, CHIEF JUSTICE.—Plaintiff Grayson sued the heirs of Thomas M. Jack for the title to the southwest one-fourth of outlot No. 63, in Galveston, and to remove cloud upon plaintiff's title.   The petition alleges that Thomas M. Jack owned the property on to wit, January 1, 1896 (changed to 1869 or 1870 by the supplemental petition), sold it to plaintiff through plaintiff's agent and attorney in fact, W. P. Ballinger, for $2000 paid to Jack, and that plaintiff has since had possession of the property, paid the taxes on it, and improved it.   That the conveyance from Jack to him has been lost or destroyed, and now there is no record of the same; that Jack died in 1880 and his wife in 1881, both leaving large estates, and that the property in question was not claimed by either of them or their executors or heirs, although their estates have been administered and partitioned; that Thomas M. Jack resided in Galveston until his death, and knew of plaintiff's possession and improvement of the premises, and not only never asserted claim thereto, but recognized plaintiff as the owner thereof, as also his widow and executors, and that if such a deed was never

executed it was merely an oversight on the part of Thomas M. Jack and W. P. Ballinger; that defendants set up claim as heirs of Jack, and the same operates as a cloud on plaintiff's title, and there being no existing deed or record of a deed to plaintiff, it is essential for the enjoyment and perfection of plaintiff's title and possession that claim of title be removed, and his title confirmed. In a supplemental petition plaintiff set up a title by limitations.

The defenses were plea of not guilty, general denial of plaintiff's allegations, a cross-bill praying that the title be declared vested in defendants and removing as a cloud the claim of plaintiff, stale demand, and disability of one of the defendants.

The judgment was that plaintiff recover one-fourth of the property (by limitation), subjecting the other three-fourths to a judgment and lien in favor of plaintiff on account of improvements.

The court filed conclusions of fact and law. It appears that among other testimony plaintiff introduced a deed, dated December 3, 1878, signed by Thomas M. Jack, F. W. Grayson by W. P. Ballinger, his attorney in fact, and others, dedicating certain streets in the outlot No. 63, which instrument recited that plaintiff was the owner of the southwest quarter of the lot, the property in question. The conclusion of the judge as to title is in this language: "There is no evidence of any deed ever having been made by Thomas M. Jack, Sr., to plaintiff, but it is insisted by plaintiff's counsel that the deed of dedication of streets to the city of Galveston is sufficient under all the other circumstances in evidence to establish plaintiff's right to the property in controversy. But said deed of dedication of streets to city of Galveston was not alleged in plaintiff's pleading, and he is confined to the grounds of recovery which he alleges in his petition, which three grounds thus alleged are stated above, to wit: A conveyance from Jack to plaintiff, and if no conveyance it was a mere oversight on the part of Jack and Ballinger, and limitations. It may perhaps not always be necessary to plead an estoppel, but where plaintiff sets up other grounds of recovery and fails to set up estoppel, his recovery must be based upon the title alleged in his pleading. But if it be conceded that under the pleadings it was not necessary to set up the street dedication by way of estoppel, such estoppel would only be applicable to so much of the property as was dedicated for streets."

It seems to us plain that plaintiff was entitled under his petition to prove by circumstances the conveyance alleged by him. He alleges that the land was conveyed to him by Thomas M. Jack, that the conveyance has been lost or destroyed, and is not of record. That plaintiff may under these conditions establish a deed through circumstances is well settled. Bounds v. Little, 75 Texas, 320; Jones v. Reus, 5 Texas Civ. App., 632; Herndon v. Burnett, 21 Texas Civ. App., ——. There was nothing in plaintiff's pleadings to prevent him from proving, in any legitimate manner, a deed from Jack to him for this property. The allegation that if a deed was not made it was through an oversight, was evidently made for the purpose of basing some right in equity, in case plaintiff failed to prove

the fact of the execution of a deed. This allegation did not detract from plaintiff's allgation that there had been a conveyance, or prevent him from proving, if he could, a conveyance. It was not necessary for plaintiff to allege the circumstances by which he expected to show its execution.

The court in rendering judgment did not consider the circumstances in evidence in their bearing on the issue of whether or not the property had been conveyed by Jack to plaintiff. The apparently important circumstance of Jack recognizing in a deed signed by him that plaintiff was the owner of the very property in question, was discussed by the court in the conclusions, as entitled to be considered only in respect to estoppel, and neither this nor the deed having been pleaded, it could not avail plaintiff in any manner. We think the court erred in this. The petition alleged that Jack in his lifetime recognized plaintiff as the owner. The deed of dedication was entitled to be considered along with any other circumstances which reasonably had a tendency to show that such a conveyance as claimed had been made. We think also that the circumstances in evidence (without undertaking to discuss them) were sufficient to raise the issue of conveyance or no conveyance, and plaintiff was entitled to have that issue determined on the testimony that was before the court.

It appears that plaintiff's possession began, according to the judge's conclusion, in the year 1883. At that time Mrs. Lofland was a minor. She married in 1887, and the court held she was not barred by limitations, because ten years had not elapsed after she became 21 years of age and before the suit was brought. It is insisted by appellee that this ruling was correct, and there was no tacking of disabilities under article 3201 of the Revised Statutes of 1879, which provided in effect that the statute shall not run against persons under the age of 21 years, married women, persons of unsound mind, and persons imprisoned. The contention seems to be that the law of limitations in force at the time of this transaction did not make the marriage of a female a removal of her disabilities of minority, and that she continued to remain a minor until she was 21. We think it clear that the above article itself removes married women from the category of persons under 21 years of age. But all doubt on the subject is taken away by article 2471 of Revised Statutes of 1879, declaring that females under 21 years of age who have never married are minors. The action of the court in holding that Mrs. Lofland was not barred, for the reason that it was not a case of tacking of disabilities, was erroneous.

The fourth assignment complains of the court excluding certain letters written by plaintiff's agent Judge Ballinger in 1871, 1876, and 1878 to plaintiff. It is our conception of the law of circumstantial evidence in this class of cases, that acts done by the plaintiff or by some one in his behalf which go to show an open claim to the property are admissible, notwithstanding they are self-serving. The fact that the plaintiff claimed to be the owner of the property is the foundation upon which proof of title by circumstances is based. But we do not believe that private letters to plaintiff from his agent are admissible.

There remains but one assignment to consider, viz., the third, which is as follows:

"The court erred in holding that although plaintiff paid the purchase money for the property and had been in possession and paid taxes for more than fifteen years before this suit, and had expended $3000 in improving the property as his own, with the knowledge of Colonel Jack, who admitted in writing that plaintiff was the owner of the property, yet plaintiff had only an equity in the premises which was barred by the ten years' limitation pleaded by defendants, and was a stale demand. Plaintiff showed a clear, legal, and equitable title to the premises; but if only an equitable title, it was not barred by limitation or laches, and said pleas were not applicable under the facts; and the court erred in rendering judgment for defendants for any part of said premises."

It was not proved that plaintiff paid Jack purchase money for the property. There was some hearsay evidence admitted over defendant's objections going to show that plaintiff's money went to pay the purchase money of the lot when it was conveyed to Jack. The court, however, seems to have excluded this evidence in rendering its judgment. What his rights may have been had such proof been made we need not discuss. The evidence otherwise did not show that plaintiff had an equitable title to the property. And in view of this, we need not discuss the question of stale demand.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

We reversed the judgment and remanded the cause upon the ground that it appeared that the district judge did not consider the recital in deed of dedication, in connection with the other circumstances in testimony, as evidencing the fact that Jack had conveyed the property in question to plaintiff. We are now requested by both parties to consider said deed of dedication along with such other facts as are shown by the testimony, and thus dispose of the appeal.

It appears that at the time the property was conveyed to Jack in 1868 he and Judge Ballinger were and had for many years before been partners in the practice of law. They remained partners until Colonel Jack died, in 1880. During the time between 1868 and his death he asserted no title to the property and paid no taxes on it. The property was filled by Trueheart, Jack, the city of Galveston, and Judge Ballinger, acting for plaintiff, in which matter the latter expended some $3000 of plaintiff's money. Ballinger & Jack owned jointly a block in the outlot which was thus filled. After the same was filled the deed of dedication of certain parts of the outlot, as streets, was made, which instrument (signed by Jack) recited that the property now in question was owned by plaintiff. Judge Ballinger for plaintiff paid the taxes on the property. What possession is shown has been that of plaintiff. After the death of Colonel Jack the property was not placed on the inventory

of his estate, nor upon that of his wife's estate, she being his sole devisee. Plaintiff does not testify, as is asserted by appellee, that no deed of conveyance was ever made to him. He testified that he had no knowledge of any such deed. Ballinger was plaintiff's agent and was authorized to invest proceeds of his Texas lands in Galveston property, and it was natural, considering their relations, that plaintiff never saw the deed, if any. The evidence shows that the deed from Jack to plaintiff, if any was made, can not be found or proven by ordinary methods.

We held in the former opinion that there were circumstances sufficient, in connection with the recital in the dedication deed, to warrant a conclusion of a deed from Jack to plaintiff for the property. We are still of that opinion. See authorities in former opinion, also Dunn v. Eaton, 23 S. W. Rep., 163; Fletcher v. Fuller, 120 U. S., 534. Only a fair probability of the existence of such a conveyance need be raised by the evidence in cases like this. The conduct of Jack in reference to the property and that of his representatives, and the known conduct of Ballinger as plaintiff's agent in reference thereto, enforces the conclusion as its most reasonable explanation. As stated in the last mentioned case, "It is unnecessary, therefore, in the cases mentioned, that the jury, in order to presume a conveyance, should believe that a conveyance was in point of fact executed. It is sufficient if the evidence leads to the conclusion that the conveyance might have been executed, and that its existence would be a solution of the difficulties arising from its nonproduction."

If it appeared that the judge had considered and weighed all the circumstances upon this issue, and had found that no conveyance was ever made by Jack to plaintiff, we possibly might not have been in position to reverse such finding of a fact. But he did not consider upon this issue the statement in the deed of dedication, which was the act of Colonel Jack, and therefore we concluded the cause should be remanded, in order that the issue might be determined from all the facts and circumstances. Now this issue of fact is submitted to us, and we find, consistently as we think with the evidence, that a conveyance of the property in question was made by Jack to the plaintiff, and therefore we reverse the judgment and render judgment here for the plaintiff for the property.

*Reversed and rendered.*

Writ of error refused.