**J. H. PAGE et al., Appellants,**

v.

**PAN AMERICAN PETROLEUM CORPORA-
TION et al., Appellees.**

No. 14976.

Court of Civil Appeals of Texas.

Houston.

Feb. 7, 1967.

Rehearing Denied March 16, 1967.

Sam Lee, Angleton, Paul Ferguson, Alvin, Thomas G. Sharpe, Jr., Brownsville, for appellants.

Roy L. Merrill, Corpus Christi, for Mobil Oil Corporation, formerly Socony Mobil Oil Co., Inc.

Vinson, Elkins, Weems & Searls, William R. Eckhardt, Houston, for University of Chicago, Chicago, Ill., and First Nat. Bank of Chicago, Chicago, Ill.

Floyd Enlow, Angleton, for B. G. Sweeny, J. H. Scoggins, Jr., Kate Sweeny Stewart, Alice Bennett Zigenbein and husband, Clarence E. Zigenbein, Katherine Bennett Kimball, Lester Sweeny, Frank Sweeny, Emma Sweeny Schendel, Montie Sweeny Eversole, Terry Sweeny and Floyd Enlow.

Fouts, Moore, Caldwell & Coleman, Joseph W. Moore, Houston, for J. S. Abercrombie, E. C. Fantham and Mary Lois Williams, Independent Executrix and Sole Devisee of Robert N. Williams, Deceased.

Leland B. Kee, Angleton, for Cleveland Davis, Pauline Davis, Trustee for Cleveland Davis, Jr., Pauline Davis, Trustee for James Ripley Davis, National Bank of Commerce of Houston (now Texas Nat. Bank of Commerce of Houston), A/C Jo-

seph W. Moore, and National Bank of Commerce of Houston (now Texas Nat. Bank of Commerce of Houston), A/C A. E. Amerman, Jr.

J. M. Slator, III, Houston, for W. H. Blades.

Sam G. Croom, Houston, for W. M. Dickey.

T. E. Kennerly, Houston, for T. E. Kennerly.

John G. Seaman, Corpus Christi, for Jane V. Modesett and husband, Jack Modesett.

Williams, Lee & Lee, Jesse J. Lee, Houston, for Mrs. Lula M. Sweeny, Ned Sweeny Holmes, Lucile Bennett Beeth and husband, Donald Beeth, Mrs. Della Sears, Jesse J. Lee, Mrs. Virginia Cameron, Elizabeth F. Storm and husband, Mark K. Storm, Frank Richardson Erskine, Mrs. Billie W. Kennerly, widow and Sole Devisee of Irl F. Kennerly, Deceased, Roland B. Voight, Montie Sweeny Eversole, Mrs. Eva Lou Sweeny Kennedy and husband, M. L. Kennedy, W. N. (Nash) Sweeny, Crews Sweeny, Odie Doubek Sweeny, Helen Marie Sweeny Mott (sued as Ellen Louise Sweeny Mott) and husband, L. W. Mott, Mrs. Betty Lee Smith Wood, Mrs. Lucile Smith, Harry L. Richardson, Jr., Trustee, Carol Lynn Richardson, George C. Gaines, Jr., and Joyce Cox.

Kilgore & Kilgore, James A. Kilgore, Dallas, for P. J. Watrous, Trustee, and Bankers Trust Co. Group of New York.

Fountain, Cox & Gaines, Joyce Cox, Houston, for Pan American Petroleum Corporation, Continental Oil Co., Jeanetta K. Bennett, Nannie Bennett Outlar and husband, Dr. L. B. Outlar, Fred W. Waechter, William E. Harvey and the First City Nat. Bank of Houston, Trustees for Account No. 358.

COLEMAN, Justice.

This is an appeal from a summary judgment for the defendant entered in a trespass to try title case. The principal question involved is whether a lost deed can be presumed from the evidence presented as a matter of law.

The land involved in this appeal is an undivided one-half interest in approximately eighty three acres out of the westerly corner of the upper one-eighth of the Imla Keep League, Brazoria County, Texas.

The Page heirs were plaintiffs in two previous suits involving the title to portions of the upper one-eighth of the Imla Keep League. In Cause No. 38,868 in the District Court of Brazoria County, Texas, reported on appeal as Page v. Pan American Petroleum et al., 327 S.W.2d 469 (Tex.Civ. App.-Waco, 1959, err. refused n. r. e.), the defendant's motion for summary judgment was sustained on the basis of affidavits establishing adverse possession. In Cause No. 39,056 in the District Court of Brazoria County, Texas, reported on appeal as Page v. Pan American Petroleum Corporation et al., 381 S.W.2d 949 (Tex.Civ.App.-Corpus Christi, 1964, error refused n. r. e.), the defendant's motion for summary judgment was sustained on the basis of a presumed grant.

The particular tract of land involved in this suit was the subject of a prior suit out of the District Court of Brazoria County, Texas, reported on appeal as Bernard River Land Development Company v. Sweeny, 216 S.W.2d 597 (Tex.Civ.App.-Galveston, 1948, error refused n. r. e.). The plaintiffs in this suit were not parties to that cause where the record title holders recovered judgment in the face of pleas of presumed grant and limitations.

The entire record in each of these suits was presented to, and considered by, the trial court. The record is voluminous. In 1824 Imla Keep was granted a league of land in Austin's Colony. Anthony Clark and his sister, Elizabeth Chase, together with her two sons, resided in Austin's Colony. In 1829 Elizabeth acquired the upper eighth of the Keep League. Both Anthony and Elizabeth died in 1833, and

Elizabeth's two sons, Joseph William Page and Samuel Harrison Page, survived. Joseph William qualified as administrator of his mother's estate and guardian of the estate of his minor brother, Samuel Harrison Page, in 1833. Appraisers were appointed in 1835 and the appraisal filed listed "One-eighth of a League of land, situate, lying and on Bernard." Joseph William filed accounts for the years 1834, 1835, 1836 and 1837, but no further proceedings in the estates are recorded.

In 1839 Joseph William Page by an instrument reciting a consideration of One Dollar and "other good causes and considerations" "granted, bargained, sold, and quitclaimed" unto John Sweeny, his heirs and assigns, "all my right, title, interest, and claim in and to that certain piece of land situate and lying in the County of Brazoria on the west side of the River San Barnard, viz. the upper eighth of the upper quarter of League of land granted to Keep by the Mexican Government joining the McCormick League. To have and to hold the same in fee simple forever. He, the said Joseph W. Page relinquishing for himself and his heirs the whole of said land in favor of the said John Sweeny * * *."

In 1839 Samuel Harrison Page was at least seventeen years of age since he secured a land certificate in his own right in that year. He purchased land in Matagorda County in 1842, and another tract in the same county in 1849. He sold his home in Matagorda County in 1856, but this tract was reconveyed to him in 1858 by a deed in which his residence was recited as Cameron County. In August, 1858, this tract was again conveyed by Harrison Page, the acknowledgment being taken in Nueces County. In 1860 a tract of land in Nueces County was conveyed to Eleanor Page, the wife of Samuel H. Page. Joseph W. Page died in Matagorda County in 1854. Samuel H. Page inherited 4320 acres of land from his brother. Matagorda County adjoined Brazoria County. Apparently Samuel H. Page lived near the land in controversy until 1858 and was a large land

owner with lands in several counties. He died in Nueces County in 1893.

In 1836 John Sweeny purchased from William J. Russell one-eighth of a League of land known as the lower half of the upper quarter of the League of land granted to Imla Keep by the Mexican Government. The same year he purchased approximately 1666 acres of land out of the Charles Breen League. The Keep and the Breen Leagues were adjoining grants. John Sweeny and his wife had seven sons and two daughters. He owned many slaves and established a great plantation on these lands. In 1853 John Sweeny conveyed to his daughter, Sophia McGrew, one-half of the upper quarter of the Imla Keep League. John Sweeny died in 1855, his wife having predeceased him. In December, 1855, the children of John Sweeny partitioned the lands which they had inherited from their father and mother. By this deed Sophia McGrew's title to the land previously deeded to her by her father was confirmed, and specific tracts of land were set off to certain others of the children. The plantation tract, described as the home plantation of John Sweeny, consisting of 550 acres out of the Breen League and 545 acres out of the Imla Keep League, was conveyed in trust to John Sweeny, Jr., who was to sell the land and divide the proceeds. By various conveyances Thomas Sweeny and Sophia McGrew acquired the interests of the other children in the home Plantation. Sophia McGrew lived on the home Plantation. In Bernard River Land Development Company v. Sweeny, supra, the Thomas Sweeny heirs were adjudged owners of the 83 acre tract at issue as against the claims of the assigns of Sophia McGrew. There was evidence in that case that this land was thickly wooded open range. Apparently neither the Thomas Sweeny heirs nor the heirs and assigns of Sophia McGrew used this land prior to 1909, but since that time it has been enclosed with other lands for brief periods and used for pasturing cattle by those claiming under the McGrew title. There was no evidence that the heirs of Thomas

Sweeny made any use of this tract of land prior to the conclusion of the Bernard River Land Development Company v. Sweeny case in 1948.

There was extensive, notorious, and continuous use made of other portions of the upper eighth of the Keep League from 1839 to the present time. It was included in the John Sweeny Home Plantation; thereafter, most of it was included in the McGrew plantation for forty years; most of it, except this particular 83 acres, has been sold and resold; large areas have been included in residential subdivisions; and most of the area is within the bounds of the Old Ocean Oil Field.

It appears that Samuel Harrison Page lived within a few miles of this land until 1856 or 1857 and within some 200 miles thereof until his death. He was living nearby when John Sweeny gave part of the tract to his daughter, Sophia, in 1853, and he was still there after John Sweeny died and his heirs partitioned the entire upper eighth of the Keep League. He inherited a great acreage of land from his brother and acquired other lands. He was active in buying and selling land. He lived with his brother for some seventeen years after the death of his mother. He was seventeen years of age and already acquiring land in his own right when John Sweeny purchased his brother's interest in the Imla Keep League. It would be unreasonable to suppose that he was unaware of the lands owned by his mother, which he had inherited from her. It would also be unreasonable to suppose that he did not know of the use being made of these lands by John Sweeny.

■ John Sweeny and Samuel H. Page were cotenants after Sweeny acquired the interest of Joseph W. Page, since there is no direct proof that Sweeny had acquired any ownership in the property prior to that time. The listing of the Keep League property in the inventory of the Estate of Elizabeth Chase by Joseph Page and the appraisers, together with the fact that John

Sweeny purchased Joseph's interest in the land, are facts which would prevent a presumption of a grant to Sweeny from Elizabeth Chase in a summary judgment proceeding. As a general rule the possession of land by a cotenant will be presumed to be in his right as cotenant and thus not adverse to the claim of ownership by his cotenant. Condra v. Grogan Mfg. Co., 149 Tex. 380, 233 S.W.2d 565 (1950).

In Magee v. Paul, 110 Tex. 470, 221 S.W. 254 (1920), the Court said:

"* * * the rule is sound which permits the inference that an apparent owner has parted with his title from evidence, first, of a long-asserted and open claim, adverse to that of the apparent owner; second, of nonclaim by the apparent owner; and third, of acquiescence by the apparent owner in the adverse claim.

"The rule is essential to the ascertainment of the very truth of ancient transactions."

In Price v. Humble Oil and Refining Co., 152 S.W.2d 804 (Tex.Civ.App.-Dallas, 1941, writ ref., w. m.), the court relied on the case of Simmons v. Hewitt, 87 S.W. 188 (Court of Civil Appeals of Texas 1905, writ ref.), quoting therefrom the following:

"Appellant further contends, however, that the existence of a deed can never be taken as established by circumstantial evidence alone, in the absence of proof of some sort of possession, and that in this case proof of possession of some of the subdivisions included in the asserted deed will not be extended by construction to other distinct subdivisions not included in that possession. We cannot indorse the proposition. While it is true that the courts require an assertion of ownership coupled with some sort of possession, the principle is not analogous to possession under limitation. The idea is that there must be a distinct assertion of ownership under the alleged deed, to show that the party asserting its existence acted under it in a substantial and open way,

and one which, if unauthorized, would, in the nature of things, have provoked a protest from the owner. It was therefore enought to show, in addition to the other circumstances, that the defendant took possession of part of the land included in the conveyance, and asserted ownership of the whole in himself."

In Republic Production Co. v. Lee, 132 Tex. 254, 121 S.W.2d 973 (Tex.Com.App., 1938, opinion adopted), the Court said:

"It has long been settled in Texas that a conveyance by one cotenant. to a stranger, or by one or more cotenants to another cotenant, purporting to convey the entire common property, when followed by actual adverse possession, amounts to a disseizin of the nonparticipating cotenant; and record of such conveyance, followed by possession, constitutes notice of the repudiation. [citing cases] There is no reason whatever why a series of deeds which taken together purport to convey all of the common estate, followed by adverse possession, should not be given the same effect. * * *"

It is apparent, therefore, that Samuel Harrison Page had constructive notice of the adverse claim of the Sweeny heirs to his interest in the Keep League as a matter of law. The undisputed evidence of a long asserted and open claim to this entire tract on the part of John Sweeny and his heirs, known to Samuel Harrison Page, together with the absence of evidence of any assertion of ownership in himself, leads inevitably to the conclusion of acquiescence in that claim on the part of Page. The evidence is clearly sufficient to sustain a finding of fact of an unrecorded conveyance from Samuel Harrison Page to either John Sweeny, Thomas Sweeny, or Sophia McGrew. Masterson v. Harris County Houston Ship Channel Navigation District, 15 S.W.2d 1011, 67 A.L.R. 1324 (Tex.Com.App., 1929).

The fact that appellees and those under whom they claim may not have made such use of this particular tract of land as would be necessary to sustain a claim of title by adverse possession under the limitation statutes is not material. In all material respects the facts in this case are identical with those before the Court in Page v. Pan American Petroleum Corporation, 381 S.W.2d 949 (Tex.Civ.App.-Corpus Christi, 1964). We agree with that Court that the record "presents a situation where, in the total absence of any facts to the contrary, reasonable minds could reach no other conclusion but that the long continued and undisturbed possession and claims of title, acquiesced in by plaintiffs' ancestor from whom they claim for over fifty years and by his descendants for another sixty years, could be explained only by the presumption of an unrecorded conveyance * * *" Faced with such a record the Court will presume such a conveyance as a matter of law.

The judgment of the Trial Court is affirmed.