**Robert OSWALD et al., Appellants,**

v.

**Mrs. Norma STATON, a Feme Sole, Appellee.**

**No. 4599.**

Court of Civil Appeals of Texas.

Waco.

Oct. 19, 1967.

Rehearing Denied Nov. 16, 1967.

Haley, Winniford, Sessions & Bice, Fitzpatrick & Fitzpatrick, Waco, for appellants.

John F. Sheehy, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Oswald from a judgment for plaintiff Staton in a trespass to try title suit.

Plaintiff, Mrs. Norma Staton, sued defendants Robert Oswald and the other heirs of Joe Oswald, to recover title and possession of 25 acres of land in the J. A. Merrifield Survey in McLennan County. Defendants plead the 10 year statute of limitation. Trial was to a jury which, in answer to issues submitted, found:

1) Joe Oswald or the defendants (his heirs) have not held peaceable adverse possession of the land in controversy for any consecutive period of 10 years prior to May 18, 1962.

2) The fence of Tommy Walker as originally located on the ground, was west of the west boundary of the 25 acre tract in question.

3) Norma Staton and those under whom she claims were in possession of the 25 acre tract prior to the possession, if any, of defendants.

4) George Poage, after the 1863 deed to Poage conveying the 640 acre Merrifield Survey, moved onto said land with his family, and lived thereon for a number of years.

5) Joe Oswald and defendants did not have actual possession of the 25 acres prior to the possession of plaintiff and her predecessors.

The trial court entered judgment on the verdict for plaintiff for title and possession of the 25 acres in controversy.

Defendants appeal on 9 points, contending the trial court erred in not entering judgment for defendants because:

1) Plaintiff failed to prove a regular chain of title from sovereignty.

2) Plaintiff failed to prove prior possession.

To recover in trespass to try title, the plaintiff must recover upon the strength of his own title. This may be done viz: 1) proving a regular chain of conveyances from the sovereign; 2) by proving superior title out of common source; 3) by proving title by limitations; or 4) by proving prior possession. Land v. Turner, Tex., 377 S.W.2d 181, 5 A.L.R.3d 364.

In this case plaintiff attempted to prove a regular chain of conveyances from the sovereign; and prior possession. As noted, the jury found plaintiff and those under whom she claimed were in possession of the tract prior to possession, if any, of defendants, and that defendants did not have actual possession of the tract prior to plaintiff and her predecessors.

Defendants' 1st contention is that plaintiff failed to prove a regular chain of conveyances from sovereignty.

Defendants assert a break in plaintiff's chain of title from the heirs of J. Q. Merrifield to D. C. Freeman. Plaintiff introduced a patent to 640 acres to the heirs of J. Q. Merrifield in April, 1862, a survey of such 640 acres, and a deed from D. C. Freeman, dated October 6, 1863 to George Poage to such 640 acres. There is no conveyance from the heirs of Merrifield to Freeman. The record shows that since the patent to the heirs of Merrifield there is nothing in the records of McLennan County showing that any Merrifield heir ever asserted any title to the land in ques-

tion, a period of some 105 years. The record shows a power of attorney from the Administrator of the Estate of J. Q. Merrifield to D. C. Freeman, which authorized him to locate and look after land belonging to the Merrifield Estate. Subsequently Freeman executed the deed to Poage.

Where there is a missing link in the chain of title many years prior to the time such issue is raised there is a presumption *liberally* indulged that a deed did exist covering the period. Magee v. Paul, 110 Tex. 470, 221 S.W. 254, 256; Ballingall v. Brown, Tex.Civ.App., (nre), 226 S.W.2d 165; Adams v. Slattery, 156 Tex. 433, 295 S.W.2d 859.

Defendants assert that 5 other deeds[1] in plaintiff's chain of title are so defective as to be void under the Statute of Frauds, because the description in each instance depends upon a recited conveyance to William C. Williams which was not introduced into evidence, or upon recited lots in a nonexistent H. Hammond Survey. These deeds have been on record since 1874–1892, and each describes the property as "Lot No. 5 of the subdivision of H. Hammond's 640 acre tract about 8 miles southwest of Waco, Beginning at the NW corner of Lot 2—20 acres sold to Wm. C. Williams out of same Survey on October 2, 1872, for the SW corner of this on the NE side of a white mound from which a Spanish Oak 4 in. dia. bears 349 W 8¼ varas * * * (there follow calls for course and distance) * * * ." The record reflects the H. Hammond's Survey and the Merrifield Survey both begin at the Southwest corner of the Jacob Goss Survey; cover the same land; and the Hammond's is sometimes referred to as the Merrifield. The witness Oran, a surveyor, testified he surveyed the land in question in 1953 and at that time located the corners of it; traced them on the ground;

from the description of actual objects on the ground he was able to trace and locate the 25 acres that are here involved, as covered by the deeds. It is further in evidence that the surveyor Joe Goddard had surveyed the property.

If enough appears in the description of land in a deed so that a party familiar with the locality can identify the premises with reasonable certainty, the description is sufficient. Gates v. Asher, 154 Tex. 538, 280 S.W.2d 247. And if there appears in the instrument enough to enable one, by pursuing an inquiry based on the information contained in the deed, to identify the particular property to the exclusion of others, the description will be held sufficient. Maupin v. Chaney, 139 Tex. 426, 163 S.W.2d 380. We think the descriptions legally sufficient to describe the land.

Defendants further assert there is a break in the chain of title between Jones Connally and Mary E. Connally, because the judgment of partition of Jones Connally's properties does not properly describe the property. If this be true, the 2nd partition judgment of the District Court of Falls County does describe the property adequately and vests title in Mrs. Rose Staton.

We think plaintiff proved a regular chain of title from sovereignty.

Defendants also contend that plaintiff failed to prove prior possession, and that there is no evidence, or insufficient evidence, to support the jury's finding, and that any prior possession of George Poage was abandoned as to plaintiff. We overrule such contention.

George Poage, plaintiff's predecessor in title, lived on the land and was in actual physical possession in 1863 and for several

---

1. Freeman to Jones Connally (1874)
  Freeman to Crow & Jones (1873)
  Crow to Stanford (1886)
  Stanford to Stanford (1889)
  Stanford to Jones Connally (1892)

years thereafter. There is a chain of title from Poage into plaintiff's husband's grandfather, Jones Connally, who acquired the 25 acres by deeds in 1874 and 1892. When Jones Connally died, his wife, Mary Connally, received the 25 acres in a partition suit. Rose Staton deeded the 25 acres to Hiram Staton, her son, as a wedding present in 1946. Thereafter plaintiff acquired Hiram Staton's title. The land is raw, vacant, open land, covered with brush. None of the Connally-Statons ever lived on the land, although they paid taxes on it; had it surveyed twice; built a tower on it; went hunting on it; cut posts and timber off the land from time to time; and leased it for oil and gas. Under the facts we think plaintiff had actual possession.

The defendants (Oswalds) have no deeds to the 25 acres; have never paid any taxes on the 25 acres; Joe Oswald purchased a 153 acre tract adjoining the 25 acres on 2 sides in 1929. This deed actually calls for adjoiner to the Connally tract some 6 separate times.[2] Defendants did not list the 25 acres here involved in the inventory of the Joe Oswald Estate; and did not sue the Cement Company for dust over the 25 acres when they sued for dust over the 153 acres. Defendants did not live on the 153 acre tract, but ran a few cattle over the area which included their 153 acres and the 25 acres here in controversy. Under such facts, we think defendants did not have actual possession of the 25 acres.

As noted, George Poage, plaintiff's predecessor in title, was in actual possession of the property. Plaintiff, under our view of the case, was likewise in actual possession, and was in any event in constructive possession, and her predecessors in title had been in such constructive possession since the time of Poage's actual possession.

Defendants were not in actual possession and defendants' claim to the 25 acres was as a naked occasional intruder or occasional trespasser.

In such situation the plaintiff retains her possession until such be ousted by actual possession in defendants, and then only to the extent of the land actually in occupation. Whitehead v. Foley, S.Ct., 28 Tex. 268, 289; Turner v. Moore, 81 Tex. 206, 16 S.W. 929, 930; Chittim v. Auld, Tex.Civ.App. (nre) 219 S.W.2d 702, 709.

In Whitehead, supra, the court said:

"The legal title thus drawing to the owner, per se, the seizin and possession, he retains them until disseized by the actual possession being taken and held by another.

"From this doctrine, that the owner is deemed to be in possession, though neither he nor any one under him is actually residing on or occupying the land, it results, that the owner is disseized or dispossessed by an adversary possessor only to the extent and within the limits of the possession taken and held adversely.

" * * * there is an important, obvious, and generally recognized distinction between possession taken by a mere naked disseizor or intruder, that is, one who enters without color title, and possession taken by a person under a colorable right. The possession of the former is confined to the land actually in occupation; that of the latter is construed to be co-extensive with the boundaries described in the deed or muniment of title under which he claims."

And in Turner, supra, the court said:

"The land in controversy, * * * was sold in 1853 to Matthew C. Moore, the

---

2. " * * * thence N 60 E with line of Theet & *Connally* 706.6 varas to *N E corner of the M. E. Connally* tract; thence S 30 E with the *Connally East line* to the *Connally Southeast corner* for a corner of this; thence S 60 W with *Connally South line* to N E Corner of Cousins 10 acre tract in the *South Line of the Connally tract.*"

ancestor of plaintiffs, and he became admittedly the owner in fee thereof. Neither he nor the plaintiffs, at that time or subsequently, took pedal possession of the land, but in law his title drew to it the legal seisin and possession, and this possession he and his heirs will be held to have retained until ousted by an actual possession in another under a claim of right."

As noted, we do not think defendants had any actual possession of the property. If they did, and if a fact issue as to prior possession existed, then it was resolved against defendants, upon ample evidence, by the jury. See Land v. Turner, supra.

All of defendants' points and contentions are overruled.

Affirmed.