George M. JEFFUS et al., Appellants,

v.

J. B. COON, Appellee.

No. 646.

Court of Civil Appeals of Texas, Tyler.

Aug. 31, 1972.

Rehearing Denied Oct. 5, 1972.

Granberry & Hines, F. P. Granberry, Crockett, for appellants.

Carter, Gordon & von Doenhoff, Charles L. Carter, Jr., Crockett, for appellee.

DUNAGAN, Chief Justice.

This is an action in trespass to try title brought by J. B. Coon against George M. Jeffus and J. F. Woelfley, tried to the Court without a jury. The land in dispute is a 1.24 acre tract. The judgment was against the defendants-appellants.

The appellants assert error on behalf of the trial court in rendering judgment for appellee because appellee did not show (1) a prima facie right to recover (2) a record title from the sovereignty of the soil.

Appellee by his counterpoints contends that he did show a prima facie right to recover because he proved a record title from the sovereignty of the soil to himself and that the trial court judgment was correct and proper.

The trial court made and filed its findings of fact and conclusions of law. The findings of the court are:

A. Maria Jacinto Chamar received a properly executed grant from the Mexican Goverment on July 30, 1835, conveying to her 4,102 acres of land, of which the 1.24 acre tract in question is a part.

B. Maria Jacinto Chamar conveyed the 4,102 acres of land to William K. Kindman by deed dated April 5, 1857.

C. In March, 1854, F. D. Bodenheimer, Sheriff of Houston County, executed a deed to Daniel Dailey, et al, conveying the north half of the M. J. Chamar League. This deed contains a statement that "The South half of said league was duly conveyed by the Grantee to Barton Clark and Nat Robbins on the 1st of September, A.D. 1836, which deed is recorded in said Houston County, Records Book A pages 18 and 19 * * *."

D. A deed of conveyance cannot be found in the Deed Records of Houston County out of William K. Kindman nor another deed into Barton Clark.

E. In August, 1942, appellee obtained title to 122.5 acres of land in the M. J. Chamar League, A–21, Houston County, Texas, by deeds from Mrs. B. B. Pearson and the heirs of B. B. Pearson, deceased, of which the 1.24 acres is a part.

F. The Houston County Courthouse was destroyed by fire in 1865 and 1882. Vols. "A" through "O", "V", "W" and "X" of the Deed Records were destroyed by one or the other of these two fires. Vols. "P", "Q", "R", "S", "T", "U", "Y" and "Z" were preserved and were not destroyed by the fires. The first filing date in Vol. "P" is February 2, 1865, and the last date in Vol. "U" is December 26, 1873. The first filing date in Vol. "Y" is November 13, 1865, and the last date is July 17, 1878.

G. On December 18, 1877, Barton Clark by deed conveyed the land in question to W. J. Boggs.

H. Thereafter by regular chain of conveyances from W. J. Boggs et al title to the land in question devolved to and vested in appellee.

I. Appellee has not been divested of his title to said land by appellants.

J. There is a missing link in appellee's chain of title between 1857 and 1877, being 110 to 90 years prior to institution of this suit in 1967.

K. For 90 years appellee and his predecessor in title have held a complete chain of title, paid all taxes and have been entitled to possession of the land in question. The court also found that all of the above mentioned deeds of conveyance are recorded in the Deed Records of Houston County, Texas.

Appellee placed each of the said deeds in evidence upon the trial of this case.

The trial court concluded as a matter of law:

"1. Plaintiff (appellee) proved a regular chain of conveyances from the Sovereignty of the Soil to himself.

"2. Deeds did exist covering the period from 1857 to 1877 properly conveying the land in question from Kindman directly to, or through other persons, to Clark. This conclusion is based upon a presumption liberally indulged in that where there is a missing link in the chain of title many years prior to the time such issue was raised that a deed or deeds did exist covering the period."

As authorities supporting these conclusions, the trial court cited Oswald v. Staton, 421 S.W.2d 174 (Tex.Civ.App., Waco, 1967, writ ref., n. r. e.) and Ballingall v. Brown, 226 S.W.2d 165 (Tex.Civ.App., Ft. Worth, 1950, writ ref., n. r. e.).

William Dabney, a licensed and qualified professional engineer and public land surveyor, testified for appellee-plaintiff. He made a ground survey of the tract in question and prepared a plat which was introduced into evidence. He satisfied himself that the tract was in the M. J. Chamar League, A–21 of Houston County. He had the field notes to the tract of 122.5 acres when he made the survey. He testified that the 1.24 acre tract here in dispute was included in the 122.5 acres appellee acquired from Mrs. Pearson.

To recover in trespass to try title, the plaintiff must recover upon the strength of his own title. Oswald v. Staton, supra. One of the ways this may be done is by proving a regular chain of conveyances from the sovereign. Oswald v. Staton, supra; Land v. Turner, 377 S.W. 2d 181 (Tex.Sup., 1964) and 5 A.L.R.3rd 364. Appellee-plaintiff J. B. Coon has met this requirement by proving a regular chain of title through the introduction into evidence properly executed and recorded instruments conveying the land in question from the Sovereign, Mexico, to himself, with the exception of the conveyances between 1857 and 1877.

The evidence that the burning of the Houston County Courthouse during the years of 1865 and 1882 destroyed a portion of the deed records as above shown along with the presumption that deeds did exist covering the period of 1857 to 1877, have the legal effect of connecting appellee's chain of title.

There is a missing link in appellee's title from 1857 to 1877, being 110 to 90 years prior to institution of this suit in 1967. There is no evidence in the record of a deed out of Kindman or into Barton Clark, except for the reference to Clark in the Bodenheimer deed. As found by the trial court, which is supported by the evidence, the Houston County Courthouse was destroyed by fire in 1865 and 1882. The deeds filed in Vol. "A" through "O", "V", "W" and "X" were destroyed. The first filing date in Vol. "P" is February 2, 1865 and the last date in Vol. "U" is December 26, 1873. The first filing date in Vol. "Y" is November 13, 1865, and the last date is July 17, 1878. Therefore, any deed or

deeds filed after April 5, 1857, and up to at least February 2, 1865, were destroyed by the fires.

There is direct evidence of the destruction of recorded deeds for a definite period of time, critical to appellee's chain of title.

■ Because of such conditions as shown by this record, common to this State, the doctrine of the presumption of the execution of a deed, or the proof of its execution by circumstances when no better evidence is obtainable, as established by the decisions of the courts of this State, receive a *liberal* application for the protection of land titles long relied on in good faith, the evidence of which has been lost through carelessness or accident, destruction of the records, and the death of all persons originally connected therewith or likely to know anything about the facts. Texas Practice, Lange on Titles, Vol. 4, Sec. 405, p. 206; Pratt v. Townsend, 125 S.W. 111, 114 (Tex.Civ.App., 1910, n. w. h.).

We think the facts of this case call for the application of the doctrine of presumption of a grant. The doctrine of presumption of a grant, or proof of title by circumstances, to complete one's chain of title, has been long recognized and applied by the courts of this State, and can now be accepted as a settled rule. Magee v. Paul, 110 Tex. 470, 221 S.W. 254, 256–257 (1920) and Wallis v. Long, 75 S.W.2d 138, 143 (Tex.Civ.App., Galveston, 1934, writ ref.); Purnell v. Gulihur, 339 S.W.2d 86, 92 (Tex. Civ.App., El Paso, 1960, writ ref., n. r. e.); Page v. Pan American Petroleum Corporation, 412 S.W.2d 797 (Tex.Civ.App., Houston, 1967, writ ref., n. r. e.), Petition for Writ of Certiorari denied, 389 U.S. 1042, 88 S.Ct. 783, 19 L.Ed.2d 832 (1968); Humphries v. Texas Gulf Sulphur Company, 393 F.2d 69 (5 Cir. 1968); Texas Practice, Lange on Titles, Vol. 4, sec. 405, p. 206.

■ "Since it is not consistent with human experience for one really owning property of value to assert no claim thereto, but to acquiesce for a long period of time in an unfounded, hostile claim, the rule is sound which permits the inference that an apparent owner has parted with his title from evidence, first, of a long-asserted and open claim, adverse to that of the apparent owner; second, of nonclaim by the apparent owner; and third, of acquiescence by the apparent owner in the adverse claim.

"The rule is essential to the ascertainment of the very truth of ancient transactions. * * *" Magee v. Paul, supra.

■ The fact that appellee and those under whom he claims may not have made such use of the tract here in dispute, as would be necessary to sustain a claim of title by adverse possession under the limitation statutes, is not material. Page v. Pan American Petroleum Corporation, supra.

■ In a trespass to try title action, where there is a missing link in the chain of title many years prior to time such issue is raised, there is a presumption *liberally* indulged that a deed did exist covering the period. Oswald v. Staton, supra; Ballingall v. Brown, supra, and 19 Tex. Jur.2d, sec. 76, p. 349.

■ It is the established law in this State that title may be proved by other competent evidence, including circumstances. Adams v. Slattery, 156 Tex. 433, 295 S.W.2d 859 (1956). The Supreme Court in the Adams case quoting from Bruni v. Vidaurri, 140 Tex. 138, 166 S.W. 2d 81 (1942) stated:

"* * * A case of presumed grant is not made merely by proof of long, adverse claim of ownership and proof of nonclaim on the part of the apparent owner. There must be evidence proving or tending to prove acquiescence by the apparent owner in the claim of the adverse party. * * * We do not hold that direct evidence of acquiescence is

required. Acquiescence may be shown by circumstantial evidence." See Texas Practice, Lange on Title, Vol. 4, sec. 405, pp. 210–215.

In the instant case the record shows that since the deed to Kindman dated April 15, 1857, there is nothing in the record of Houston County showing that any Kindman heir ever asserted any title to the land in question, during a period of 110 years before this issue was raised. In Oswald v. Staton, supra, the court found that such non-assertion of title for a period of 105 years was sufficient to prove acquiescence. Adverse claim and proof of nonclaim on the part of the Kindman heirs was shown by lack of dispute of title after Barton Clark acquired the land down to the time of trial.

It appears from the record that appellant Jeffus has lived 200 yards from the land in dispute since 1927. Also, it appears that appellant Woelfley lived on an adjoining tract of land from 1944 to 1965 or 1966. At the time of trial he was living in Trinity County, and we take judicial knowledge that Trinity County is adjacent to Houston County wherein the land in dispute is located.

"It has been held that where the ostensible owner resides in the immediate vicinity of a tract of land over which another party is exercising open and notorious dominion and control, knowledge of such dominion and control may be thereby imputed to the owner. * * *" Love v. Eastham, 137 Tex. 462, 154 S.W.2d 623, 625 (1941).

The presumption of a grant of title which may arise under the circumstances of a given case is generally one of fact and not of law. It is for the trier of the facts, to determine whether the presumption arises from the facts and evidence. 19 Tex.Jur.2d, sec. 75, p. 347 and Texas Practice, Lange on Titles, Vol. 4, sec. 405, p. 212; ·Page v. Pan American Petroleum Corporation, 381 S.W.2d 949, 953 (Tex.Civ.App., Corpus Christi, 1964,

writ ref., n. r. e.), Petition for Writ of Certiorari, 382 U.S. 820, 86 S.Ct. 45, 15 L.Ed.2d 66. The trier of the facts in the instant case found against appellants and for appellee on the question of presumption of title, i. e., that a deed or deeds existed covering the period in question. "It is not necessary to such finding that the evidence satisfies the mind of the court or jury that the grant was made. It is sufficient if the evidence leads to the conclusion that a conveyance might have been executed and that its existence would explain and account for the long claim and assertion of ownership on the one side and the acquiescence on the other." Fowler v. Texas Exploration Company, 290 S.W. 818, 823 (Tex.Civ.App., Galveston, 1926, writ ref.). See Miller-Vidor Lumber Co. v. Schreiber, 298 S.W. 154 (Tex.Civ.App., Beaumont, 1927, writ ref.). Only a fair probability of the existence of such title need be proved. Grayson v. Lofland, 21 Tex.Civ.App. 503, 52 S.W. 121, 123 (1899, writ ref.); Miller v. Fleming, 149 Tex. 368, 233 S.W.2d 571 (1950).

The trial court's findings were made at the request of appellants who did not except nor complain about such findings. The evidence supports these findings.

Appellate courts are bound by the trial court's findings and conclusions which are supported by the evidence and must indulge every presumption in favor of the trial court's findings and its judgment. Mitchell's, Inc. v. Nelms, 454 S.W.2d 809, 813 (Tex.Civ.App., Dallas, 1970, writ ref., n. r. e.); Willson v. Johnston, 404 S.W.2d 870, 873 (Tex.Civ.App., Amarillo, 1966, n. w. h.); State v. Williamson-Dickie Manufacturing Company, 399 S.W.2d 568 (Tex. Civ.App., Ft. Worth, 1966, writ ref., n. r. e.); City State Bank in Wellington v. Wellington Independent School Dist., 173 S.W. 2d 738 (Tex.Civ.App., Amarillo, 1943, affirmed 142 Tex. 344, 178 S.W.2d 114, 1944).

From a review of this record, we are of the opinion that the evidence amply

supports the trial court's findings and, accordingly, the court correctly concluded that appellee proved a regular chain of title from sovereignty.

Judgment of the trial court affirmed.